## STATE v. ROGER WALL.

(Filed 1 November, 1967.)

**1. Automobiles § 3—**

A person convicted of operating a motor vehicle on the highways in this State without having first been licensed as an operator is guilty of a misdemeanor, G.S. 20-7(a), and is subject to punishment by imprisonment for a term of not more than six months. G.S. 20-7(n), G.S. 20-35(b).

STATE *v.* WALL.

**2. Automobiles § 134—**

The unlawful taking of an automobile in violation of G.S. 20-105, a misdemeanor, is not an included less degree of the crime of larceny, and a defendant may not be convicted of this offense when tried upon indictment charging the crime of larceny.

**3. Courts § 3—**

The Superior Court has original general jurisdiction throughout the State except as otherwise provided by statute. N. C. Constitution, Art IV, § 10(2) (1962).

**4. Courts § 11—**

The General Assembly is empowered to prescribe the jurisdiction and powers of the District Courts. N. C. Constitution, Art. IV, § 10(3) (1965).

**5. Courts § 14—**

The District Court has original jurisdiction over all criminal actions below the grade of felony, G.S. 7A-270, G.S. 7A-272, and has the exclusive original jurisdiction of all misdemeanors except in those instances specifically enumerated in G.S. 7A-271(a)(b)(c)(d).

**6. Same;   Automobiles § 3—**

Defendant appeared in the District Court upon warrant charging the operation of an automobile without an operator's license in violation of G.S. 20-7(a), a misdemeanor, and moved for trial by jury. The case was transferred to the Superior Court for trial without adjudication in the District Court. *Held:* The District Court had exclusive original jurisdiction of this prosecution, and its failure to proceed to trial upon the warrant was erroneous.

**7. Courts §§ 3, 14;   Automobiles § 134—**

Defendant was arrested and bound over to the Superior Court upon a warrant charging the felonious larceny of an automobile; a bill of indictment was returned charging defendant with the unlawful taking of an automobile in violation of G.S. 20-105, a misdemeanor. *Held:* The Superior Court is without original jurisdiction of the misdemeanor indictment, since, there being no charge of felony in the Superior Court, and the exceptions enumerated under G.S. 7A-271 being inapplicable, the judgment entered thereon is vacated with direction that the action be transferred to the District Court for trial.

**8. Courts § 3;   Indictment and Warrant § 14—**

A prosecution initiated by warrant in the District Court is not a charge "initiated by presentment", G.S. 7A-271(b), so as to vest the Superior Court with original jurisdiction, since a presentment is an accusation of crime issuing upon action by a grand jury.

**9. Criminal Law § 16;   Courts § 14—**

The statute, G.S. 7-64, divesting certain inferior courts of the exclusive original jurisdiction of criminal actions and providing for concurrent jurisdiction with the Superior Court, is rendered obsolete in those counties in which the District Court is established pursuant to the Judicial Department Act of 1965, G.S. 7A.

STATE *v.* WALL.

**10. Constitutional Law § 6—**

One General Assembly cannot restrict or limit by statute the right of a succeeding legislature to exercise its constitutional power to legislate in its own way.

APPEAL by defendant from *Campbell, J.,* May 15, 1967 Criminal Session of CALDWELL.

Defendant was arrested February 17, 1967, on two warrants issued by the District Court of Caldwell County. One warrant charged defendant with the larceny on February 16, 1967, of a 1961 model Nash automobile, serial #CS21875, of the value of more than $200.00, the property of Sylvia Bryant. The other warrant charged defendant with unlawfully and wilfully operating a 1961 Nash automobile on February 17, 1967, without an operator's license.

In the district court, defendant waived preliminary examination in respect of the warrant charging larceny; and the district judge ordered that defendant appear at the next criminal session of Caldwell Superior Court. In respect of the warrant charging operation of an automobile without an operator's license, the record shows the district judge allowed defendant's motion for a jury trial; and, without passing upon defendant's guilt, ordered that defendant appear at the next session of Caldwell Superior Court.

At the May 15, 1967 Criminal Session of Caldwell Superior Court, the solicitor submitted, and the grand jury returned as true bills, the following indictments, *viz.:*

1. An indictment charging that defendant, on February 16, 1967, "did unlawfully and wilfully drive and otherwise take and carry away a vehicle, to wit: a 1961 model Nash Automobile, Serial #CS21875, . . . not his own, without the consent of Sylvia Bryant, the owner thereof, with intent to temporarily deprive said owner of his possession of said vehicle, without intent to steal the same," etc.

2. An indictment charging that defendant, on February 17, 1967, "unlawfully and wilfully did drive and operate a motor vehicle upon the public highways of the State of North Carolina without being duly licensed operator, and without having a valid operator's license," etc.

The record shows defendant, *personally,* entered a plea of guilty to each of said bills of indictment; and that the court, based on defendant's testimony in response to questions by the court, found that defendant freely, understandingly and voluntarily entered said pleas of guilty.

In the "operating without a license" case, the court pronounced judgment imposing a prison sentence of two years. In the "temporary larceny" case, the court pronounced judgment imposing a prison

sentence of two years, providing that this sentence was to commence at the expiration of the sentence in the "operating without a license" case, "making a total of 4 years."

Defendant gave notice of appeal. Upon finding that defendant is an indigent, the court appointed Ted S. Douglas, Esq., an attorney at law, to represent defendant in connection with his appeal. An additional order by Ervin, J., enabled defendant to perfect his appeal at the expense of Caldwell County.

*Attorney General Bruton, Assistant Attorney General Melvin and Staff Attorney Costen for the State.*
*Ted S. Douglas for defendant appellant.*

BOBBITT, J. We consider first whether the superior court had original jurisdiction of the criminal (misdemeanor) offenses to which, in the superior court, defendant pleaded guilty and for which he was there sentenced.

Any person convicted of operating a motor vehicle over any highway in this State without having first been licensed as such operator, in violation of G.S. 20-7(a), is guilty of a *misdemeanor;* and under G.S. 20-7(n) and G.S. 20-35(b), as construed in *State v. Tolley,* 271 N.C. 459, 156 S.E. 2d 858, is subject to punishment by imprisonment for a term of not more than six months. It is noted that the superior court, even if it had jurisdiction in other respects, had no authority to pronounce judgment imposing a prison sentence of two years for this criminal offense.

G.S. 20-105, in pertinent part, provides: "Any person who drives or otherwise takes and carries away a vehicle, not his own, without the consent of the owner thereof, and with intent to temporarily deprive said owner of his possession of such vehicle, without intent to steal the same, is guilty of a *misdemeanor.*" (Our italics.) Violation of G.S. 20-105 is "punishable by fine, or by imprisonment not exceeding two years, or both, in the discretion of the court."

Under our decisions, the statutory criminal offense defined in G.S. 20-105, sometimes referred to as "temporary larceny," is not an included less degree of the crime of larceny; and a defendant may not be convicted of a violation of G.S. 20-105 when tried upon a bill of indictment charging the crime of larceny. *State v. Covington,* 267 N.C. 292, 148 S.E. 2d 138; *State v. McCrary,* 263 N.C. 490, 139 S.E. 2d 739; *State v. Stinnett,* 203 N.C. 829, 167 S.E. 63.

The cases were heard in the superior court upon bills of indictment charging misdemeanors, namely, (1) operation of a motor vehicle without a license in violation of G.S. 20-7(a), and (2) unlaw-

ful taking of an automobile for a temporary purpose in violation of G.S. 20-105. Defendant had not been tried for either of these criminal offenses in the District Court of Caldwell County. The question is whether the District Court of Caldwell County had *exclusive* original jurisdiction of these misdemeanor charges.

By virtue of the amendment adopted at the General Election held November 6, 1962, "(t)he Constitution of North Carolina (was) amended by rewriting Article IV thereof to read" as set forth in Session Laws of 1961, Chapter 313. Pertinent provisions of Article IV as set forth in the 1961 Act are quoted below.

"Section 1. Division of judicial power. The judicial power of the State shall, except as provided in Section 3 of this Article, be vested in a court for the Trial of Impeachments and in a General Court of Justice. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of the government, nor shall it establish or authorize any courts other than as permitted by this Article.

"Sec. 2. General Court of Justice. The General Court of Justice shall constitute a unified judicial system for purposes of jurisdiction, operation, and administration; and shall consist of an appellate division, a Superior Court division, and a District Court division.

". . .

"Sec. 10. Jurisdiction of the General Court of Justice.

"(1)  . . .

"(2) Superior Court. Except as otherwise provided by the General Assembly, the Superior Court shall have original general jurisdiction throughout the State. The Clerks of the Superior Court shall have such jurisdiction and powers as the General Assembly shall provide by general law uniformly applicable in every county of the State.

"(3) District Courts; Magistrates. The General Assembly shall, by general law uniformly applicable in every local court district of the State, prescribe the jurisdiction and powers of the District Courts and Magistrates."

Although not germane to decision on this appeal, it is noted that, by virtue of the amendment adopted at the General Election held November 2, 1965, Article IV of the Constitution of North Carolina was amended "to authorize within the Appellate Division of the General Court of Justice an intermediate Court of Appeals" as set forth in Session Laws of 1965, Chapter 877.

Under the quoted provisions of Article IV, the superior court has original general jurisdiction throughout the State *except as otherwise provided by the General Assembly;* and the General Assembly is authorized by general law to prescribe the jurisdiction and powers of the district courts. Hence, we turn to Session Laws of 1695, Chapter 310, being the "Judicial Department Act of 1965," which was enacted to implement Article IV of the Constitution of North Carolina. The said 1965 Act provides a new chapter in the General Statutes, namely, "Chapter 7A — Judicial Department." Article 22 of G.S. Chapter 7A, entitled "Jurisdiction of the Trial Divisions in Criminal Actions," in pertinent part, provides:

"Sec. 7A-270. Generally. General jurisdiction for the trial of criminal actions is vested in the Superior Court and the District Court Divisions of the General Court of Justice.

"Sec. 7A-271. Jurisdiction of Superior Court Division in Criminal Actions. The Superior Court has exclusive, original jurisdiction over all criminal actions not assigned to the District Court Division by this Article, except that the Superior Court has jurisdiction to try a misdemeanor:

"(a) which is a lesser included offense of a felony on which an indictment has been returned, or a felony information as to which an indictment has been properly waived; or

"(b) when the charge is initiated by presentment; or

"(c) which may be properly consolidated for trial with a felony under G.S. 15-152; or

"(d) to which a plea of guilty or *nolo contendere* is tendered in lieu of a felony charge.

"Sec. 7A-272. Jurisdiction of District Court Division in Criminal Actions. (a) Except as provided in this Article, the district court has exclusive, original jurisdiction for the trial of criminal actions, including municipal ordinance violations, below the grade of felony, and the same are hereby declared to be petty misdemeanors.

"(b) The district court has jurisdiction to conduct preliminary examinations and to bind the accused over for trial upon waiver of preliminary examination or upon a finding of probable cause, making appropriate orders as to bail or commitment."

The "Judicial Department Act of 1965" became effective in the Twenty-Fifth Judicial-District Court district, composed of Burke, Caldwell and Catawba Counties, on the first Monday in December, 1966. G.S. 7A-131(a).

Under G.S. 7A-270 and G.S. 7A-271, the district court has original jurisdiction for the trial of all criminal actions below the grade

of felony, that is, of all prosecutions for misdemeanors; and the district court has *exclusive* original jurisdiction of all misdemeanors except in the four specific instances defined in subparagraphs (a), (b), (c) and (d) of G.S. 7A-271.

The district court had jurisdiction to try defendant on the warrant charging operation of an automobile without an operator's license in violation of G.S. 20-7(a). However, it failed to do so. On the contrary, upon defendant's demand for a jury trial, the court did nothing except order defendant to appear at the next session of Caldwell Superior Court. Apparently, the district judge was of opinion that the defendant by moving for a jury trial could avoid trial in the district court and have his case transferred forthwith for trial in the superior court. We find no statutory provision authorizing this procedure. In this respect, the court acted under a misapprehension of the law and erred by failing to proceed to trial of defendant for this criminal offense in accordance with the accusation contained in the warrant.

Obviously, subparagraphs (a), (b) and (d) of G.S. 7A-271 do not apply to the criminal prosecution for operation of an automobile without an operator's license in violation of G.S. 20-7(a). With reference to subparagraph (c) of G.S. 7A-271, it is sufficient to say that defendant was not tried for *or charged with* any felony.

With reference to the warrant and bill of indictment relating to the alleged unlawful taking of Sylvia Bryant's car, the warrant on which defendant was arrested and bound over to superior court charged a felony, to wit, the larceny of an automobile valued at more than $200.00, and the indictment charged a misdemeanor, to wit, a violation of G.S. 20-105, the "temporary larceny" statute. Since defendant, in the superior court, was not tried for or charged with *any felony*, subparagraphs (a), (c) and (d) of G.S. 7A-271 do not apply to the criminal prosecution for the violation of G.S. 20-105. There remains for consideration whether the prosecution for violation of G.S. 20-105 was "initiated by presentment" within the meaning of subparagraph (b).

Although the prerequisites to conviction for the felony charged in the warrant and the misdemeanor charged in the indictment are different, the prosecution for the alleged criminal conduct of defendant in respect of the alleged unlawful taking of Sylvia Bryant's car was initiated by warrant issued by the District Court of Caldwell County. It was not initiated in the Superior Court of Caldwell County by presentment or otherwise.

In this jurisdiction, the accepted definition of the word "presentment" is as follows: "A presentment is an accusation of crime made by a grand jury on its own motion upon its own knowledge or ob-

servation, or upon information from others without any bill of indictment, but since the enactment of G.S. 15-137 trials upon presentments have been abolished and a presentment amounts to nothing more than an instruction by the grand jury to the public prosecuting attorney to frame a bill of indictment." 2 Strong, N. C. Index, Indictment and Warrant § 7; *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

It is our opinion, and we so hold, that the superior court did not have original jurisdiction to proceed to trial on said two indictments charging misdemeanors. Presently, defendant is under indictment for misdemeanors. No sound reason appears why he cannot be tried on these indictments. However, the statutes contemplate that the district court shall have exclusive original jurisdiction of misdemeanors except in instances set forth in subparagraphs (a), (b), (c) and (d) of G.S. 7A-271. Since the district court had exclusive original jurisdiction, and the superior court was without jurisdiction to proceed to trial on said misdemeanor indictments, the proper procedure was to remand the cases to the district court for trial in that court on the charges set forth in said bills of indictment.

G.S. 7-64, to which the Attorney General directs attention, provides in pertinent part: "In all cases in which by statute original jurisdiction of criminal action has been, *or may hereafter be,* taken from the superior court and vested exclusively in courts of inferior jurisdiction, such exclusive jurisdiction is hereby divested, and jurisdiction of such actions shall be concurrent and exercised by the court first taking cognizance thereof. The provisions of this section shall remain in full force and effect, unless expressly repealed by some subsequent act of the General Assembly, *and shall not be repealed by implication or by general repealing clauses* in any act of the General Assembly conferring exclusive jurisdiction on inferior courts in misdemeanor cases which may be hereafter enacted. Appeal shall be, as heretofore, to the superior court from all judgments of such inferior courts." (Our italics.) Caldwell County is not one of the counties expressly excepted from the provisions of G.S. 7-64.

It is noted that Article II, Section 29, of the Constitution of North Carolina, as submitted by the 1915 General Assembly and ratified by the electorate in 1916, provided in pertinent part: "The General Assembly shall not pass any local, private, or special act or resolution *relating to the establishment of courts inferior to the Superior Court; relating to the appointment of justices of the peace;* . . . nor shall the General Assembly enact any such local, private or special act by the partial repeal of a general law, but the General Assembly may at any time repeal local, private or special laws enacted by it. Any local, private or special act or resolution passed

in violation of the provisions of this section shall be void. The General Assembly shall have power to pass general laws regulating matters set out in this section."

Simultaneously with said amendment rewriting Article IV thereof, the Constitution of North Carolina was also amended at the general election held November 6, 1962, by deleting, as set forth in Session Laws of 1961, Chapter 313, the words italicized above in Article II, Section 29.

Article IV provides for a General Court of Justice constituting "a unified judicial system for purposes of jurisdiction, operation, and administration," and consisting of "an appellate division, a Superior Court division, and a District Court division." When the "Judicial Department Act of 1965" became effective in the Twenty-Fifth Judicial-District Court district, G.S. 7-64 became obsolete with reference to the counties included in said district. G.S. 7-64 related to the previously existing court system. Section 4 of the "Judicial Department Act of 1965" provides: "G.S. 7-43.1, 7-43.2, and 7-43.3 are repealed effective the first Monday in December, 1966. G.S. 7-29.1, 114-11.1, the second paragraph of G.S. 143-6, and all other laws and clauses of laws in conflict with this Act are hereby repealed."

With further reference to G.S. 7-64, it is noted that "one Legislature cannot restrict or limit by statute the right of a succeeding Legislature to exercise its constitutional power to legislate in its own way." *State v. Norman,* 237 N.C. 205, 211, 74 S.E. 2d 602, 607; *Furniture Co. v. Baron,* 243 N.C. 502, 506, 91 S.E. 2d 236, 239; 2 Strong, N. C. Index 2d, Constitutional Law § 6; 82 C.J.S., Statutes § 9, p. 24; 50 Am. Jur., Statutes § 45.

Having reached the conclusion that the Superior Court of Caldwell County did not have jurisdiction of the misdemeanor charges set forth in said bills of indictment, defendant's pleas to said indictments and the judgments pronounced thereon are vacated; and the cause is remanded to the superior court with direction that the two actions be transferred to the District Court of Caldwell County, which court, in the exercise of its exclusive original jurisdiction, shall proceed to trial of defendant on the misdemeanor charges set forth in said bills of indictment.

Judgments vacated and cause remanded.