STATE OF NORTH CAROLINA v. GRADY EUGENE CAMBPELL

No. 7222SC401

(Filed 24 May 1972)

Automobiles § 134— indictment charging larceny of automobile — conviction of temporary larceny

The unlawful taking of an automobile in violation of G.S. 20-105 is not an included lesser degree of the offense of larceny, and a defendant may not be convicted of such offense on a plea of guilty when tried upon an indictment charging larceny.

APPEAL by defendant from *Martin, Judge, (Robert M.)*, of the 10 January 1972 Session of IREDELL Superior Court.

The defendant was charged in two separate bills of indictment, each containing two counts with (1) felonious larceny and (2) receiving stolen property knowing same to have been feloniously stolen.

Upon the call of the cases for trial, the court-appointed counsel for the sixteen-year-old defendant tendered a plea of guilty of "temporary larceny of an automobile" in each case. The Solicitor thereupon accepted the pleas and took a nol pros with leave in the receiving count of each bill of indictment.

The defendant was then questioned by the presiding judge as to his understanding of the pleas of guilty tendered and whether or not he had freely and voluntarily submitted such pleas. The court then adjudicated that the pleas of guilty were freely, understandingly and voluntarily made without undue influence, compulsion or duress and without any promise of leniency and thereupon ordered the plea and adjudication filed and recorded.

In one bill of indictment the defendant was charged with the felonious larceny of a 1962 Chevrolet automobile, therein more particularly described, of a value of $250.00 and being the property of Hubert Gregory. In the other bill of indictment the defendant was charged with the felonious larceny of another 1962 Chevrolet automobile, therein more particularly described, being the property of Mrs. Bruce Gaither and of the value of $250.00.

The evidence on behalf of the State indicated that the defendant and another juvenile on 10 August 1971 went by a parking lot in the City of Statesville and observed a Chevrolet automobile in the lot with the switch unlocked. They got in the automobile and drove it until it ran out of gas. They then started walking towards their home about 10:00 p.m. when they saw the second Chevrolet parked with the switch unlocked. They got in it and drove around for about 30 minutes and then left it parked on the street and went on home. The investigating officer testified that on both occasions the defendant and his companion were joyriding until they ran out of gas and got tired of driving. No damage was done to either automobile. From a sentence of 18 months the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Henry T. Rosser for the State.*

*Frank and Lassiter by Jay F. Frank for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as error the signing and entering of the judgment.

We think this assignment of error is good but not for the reasons argued in the brief.

The defendant tendered a plea of guilty of "temporary larceny of an automobile," a purported violation of General Statutes 20-105, "Unlawful taking of a vehicle." He was not charged with such violation and he could not be convicted of this statutory offense upon trial on a bill of indictment for larceny. *State v. McCrary*, 263 N.C. 490, 139 S.E. 2d 739 (1965).

As stated in *State v. Wall*, 271 N.C. 675, 157 S.E. 2d 363 (1967) : "Under our decisions, the statutory criminal offense defined in G.S. 20-105, sometimes referred to as 'temporary larceny,' is not an included less degree of the crime of larceny; and a defendant may not be convicted of a violation of G.S. 20-105 when tried upon a bill of indictment charging the crime of larceny. . . ."

Reversed.

Chief Judge MALLARD and Judge BROCK concur.