State v. Kaerner

---

STATE OF NORTH CAROLINA v. DONALD R. KAERNER

No. 754SC687

(Filed 17 December 1975)

Larceny § 3— felonious larceny — unlawful taking of vehicle — no lesser included offense

> At the time the offense charged was committed, the unlawful taking of a motor vehicle under former G.S. 20-105 was not a lesser included offense of felonious larceny; therefore, the trial court in this felonious larceny prosecution erred in submitting to the jury as a possible verdict defendant's guilt of the unlawful taking of a vehicle.

ON *certiorari* to review trial before *Martin, (Perry), Judge.* Judgment entered 9 January 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 20 November 1975.

Defendant was charged in a bill of indictment with felonious breaking and entering and felonious larceny. The breaking and entering charge was nonsuited at the close of the State's evidence. The jury found the defendant guilty of "the unlawful taking" of a motor vehicle.

From the finding of guilt and the imposition of a prison sentence, defendant appealed.

*Attorney General Edmisten, by Associate Attorneys Daniel C. Oakley and Jo Anne Sanford Routh, for the State.*

*Grady Mercer, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant contends and the State concedes that at the time of this offense, the unlawful taking of a motor vehicle under former G.S. 20-105 was not a lesser included offense of felonious larceny. We agree.

Since the offense was committed before 1 January 1975, an indictment for larceny will not support a conviction for the unlawful taking of a motor vehicle in violation of G.S. 20-105 [repeal effective 1 January 1975]. *State v. Stinnett,* 203 N.C. 829, 167 S.E. 63; *State v. McCrary,* 263 N.C. 490, 139 S.E. 2d 739; *State v. Campbell,* 14 N.C. App. 633, 188 S.E. 2d 754.

The court instructed the jury:

" . . . if you return a verdict of not guilty of felonious larceny, you would consider whether or not the defendant is guilty of *the unlawful taking of a vehicle* which *is a lesser included offense within the charge of larceny* which I referred to." (Emphasis added.)

The instruction is erroneous.

On 1 January 1975, G.S. 14-72.2 entitled "Unauthorized use of a conveyance" became effective. Subsection (d) expressly provides that an offense under G.S. 14-72.2 may be treated as a "lesser-included offense of the offense of larceny of a conveyance." Defendant in this case was charged with an offense that was alleged to have occurred in October, 1974.

The judgment is vacated and the case is remanded.

Vacated and remanded.

Judges MARTIN and CLARK concur.