State v. Cole

STATE OF NORTH CAROLINA v. PADEN H. COLE, JR., TOM T.
  COLE, JACK BARTLETT, CHARLES BARTLETT, HAROLD G.
  BARTLETT AND DANIEL K. WRIGHT

No. 762SC892

(Filed 20 April 1977)

1. Animals § 7; Criminal Law § 16.1— misdemeanor — charge not initi-
   ated by presentment — jurisdiction

   A charge by presentment that defendants violated the game laws
   "by taking and possessing" a game animal during closed season did
   not charge the offense of possessing a *dead* game animal in violation
   of G.S. 113-103, a misdemeanor for which defendants were tried for
   the first time in the superior court; consequently, since the offense
   for which defendants were tried is a different offense than that
   charged in the presentment, it was not "initiated by presentment"
   within the exception contained in G.S. 7A-271(a)(2) giving the su-
   perior court original jurisdiction of such misdemeanor charges, and
   only the district court had jurisdiction of the charges against de-
   fendants.

2. Criminal Law § 16.1— misdemeanor — jurisdiction — agreement and
   stipulation

   An agreement by defendants to transfer misdemeanor cases for
   trial to another county and a stipulation that "the defendants were
   properly before the court on a plea of not guilty and that the charges
   were heard before a jury duly and properly empaneled at the June,
   1976 Criminal Session of the Martin County Superior Court" could
   not confer original jurisdiction on the superior court to try misdemea-
   nor cases.

APPEAL by defendants from *Webb, Judge*. Judgments en-
tered 28 June 1976 in Superior Court, MARTIN County. Heard
in the Court of Appeals 7 April 1977.

By Ch. 103, 1973 Session Laws, which became effective
9 June 1973, it was made a misdemeanor "for any person to
take or hunt bear in the County of Tyrrell at any time during
the next two years." On 27 November 1974 warrants were
issued charging that each defendant did on 16 November 1974
unlawfully and wilfully (1) hunt bear in Tyrrell County at a
prohibited time, to wit: on 16 November 1974, and (2) "have
in his possession a wild animal, to wit: a bear, knowing the
same to have been taken during the closed season." After trial
in the District Court in Tyrrell County, Judge Hallett S. Ward
found defendants not guilty of the first charge but guilty of the
second. From judgments entered on the second count, defend-

ants appealed to the Superior Court, where they moved to dismiss for the reason that the second count in the warrants did not charge a crime. On 15 September 1975 this motion was allowed by Judge Robert D. Rouse, Jr.

On 15 September 1975 new warrants were issued charging that on 16 November 1974 each defendant did unlawfully and willfully "possess a *dead* game animal, a bear, which was taken during closed season in Tyrrell County . . . in violation of G.S. 113-103." (Emphasis added.) Defendants moved to dismiss these warrants. After a hearing on defendants' motion, District Judge Chas. H. Manning, concluded that the charge contained in the new warrants did not substantially differ from the charge in the previous warrants which had been dismissed in the Superior Court. Accordingly, on 5 December 1975 he ordered the charges dismissed with prejudice. The State gave notice of appeal.

On 20 April 1976 the grand jury in Tyrrell County made a presentment charging that on 16 November 1974 defendants "violated the Game Laws of the State of North Carolina by taking and possessing a bear in Tyrrell County during closed season, contrary to Chapter 103 of the 1973 North Carolina Session Laws and G.S. 113." (sic). On the same date, 20 April 1976, the grand jury returned true bills of indictment against each defendant charging that on 16 November 1974 in Tyrrell County he did unlawfully and wilfully "possess a dead game animal, a bear, which was taken during closed season in Tyrrell County, said season being closed by Chapter 103, House Bill 398 of the 1973 Session Laws," in violation of G.S. 113-103.

On 21 April 1976 defendants appeared in Superior Court and moved to dismiss the bills of indictment for the reason, among others, that the Superior Court was without jurisdiction, the original jurisdiction of these cases being in the District Court. By order entered 21 April 1976 Superior Court Judge John Webb overruled defendants' motion to dismiss the indictments. In the same order, Judge Webb ruled on the appeal by the State from the District Court's order of 5 December 1975. In this connection, Judge Webb found that the inclusion of the word "dead" in the description of the game animal in the new warrants made the new warrants substantially different from the old warrants which Judge Rouse had dismissed on 15 September 1975 for failure to charge a crime. Accord-

ingly, on 21 April 1976 Judge Webb ordered that the District Court's order dismissing the new warrants be reversed and that the cases be returned to the District Court of Tyrrell County for trial. However, the cases were not tried in the District Court. On motion of the State, agreed to by defendants, the cases were transferred to Martin County for trial.

On 28 June 1976 the cases were consolidated for trial and were tried in Superior Court in Martin County. The jury found each defendant guilty as charged in the bills of indictment. From judgments imposed on the verdicts, defendants appealed.

*Attorney General Edmisten by Associate Attorney George W. Lennon and Deputy Attorney General William W. Melvin for the State.*

*Wilkinson and Vosburgh by John A. Wilkinson for defendant appellants.*

PARKER, Judge.

We note that the record on appeal contains the name of Jarvis L. McIntosh in the caption as one of the defendants. However, the record fails to show that Mr. McIntosh was tried or that any judgment was rendered against him. He is not a party to this appeal, and we direct that his name be removed from the caption.

The indictments on which defendants were tried charge a violation of G.S. 113-103. This statute declares that the possession of any dead game animal during the closed season is unlawful. Violation of G.S. 113-103 is a misdemeanor. G.S. 113-109.

Except as provided in G.S. Ch. 7A, Art. 22, the District Court has exclusive, original jurisdiction for the trial of criminal actions below the grade of felony. G.S. 7A-272(a). These cases were never tried in the District Court but were tried for the first time in the Superior Court. Unless provided for in G.S. 7A, Art. 22, the Superior Court has no jurisdiction to try these misdemeanor cases for the first time. G.S. 7A-271(a)(2) provides that the Superior Court has jurisdiction to try a misdemeanor "[w]hen the charge is initiated by presentment." The State contends that the charges in the present cases were initiated by presentment, that G.S. 7A-271(a)(2) applies, and that therefore the Superior Court had jurisdiction to try defendants

for the first time on these misdemeanor charges. We do not agree.

[1] The fallacy of the State's position is that the cases which were tried in the Superior Court involved different offenses than were alleged in the presentment. The presentment alleged that defendants violated the North Carolina game laws "by taking and possessing a bear in Tyrrell County during closed season, contrary to Chapter 102 of the 1973 North Carolina Session Laws and G.S. 113." (The last statutory reference is apparently to the entire Chapter 113 of the General Statutes.) The verb "take," when used with fish or game as the object, means "to get possession of . . . by killing *or capturing*." (Emphasis added.) Webster's Third New International Dictionary (1968). Therefore, a charge that the accused violated the game laws "by taking and possessing" a game animal during closed season does not charge the offense of possessing a *dead* game animal in violation of G.S. 113-103, which was the offense for which defendants were tried for the first time in the Superior Court. Since the offense for which defendants were tried is a different offense than that charged in the presentment, these cases were not "initiated by presentment" within the exception contained in Subsection (2) of G.S. 7A-271(a). The State does not contend, nor can we find, that these cases come within any other exception set forth in that statute.

[2] The record indicates that the defendants agreed to the State's motion to transfer the cases to Martin County for trial. The record also contains a stipulation signed by the District Attorney and by the attorney for defendants "that the defendants were properly before the court on a plea of not guilty and that the charges were heard before a jury duly and properly empaneled at the June, 1976 Criminal Session of the Martin County Superior Court." The agreement by defendants to the transfer of the cases for trial and the above stipulation could not confer jurisdiction on the Superior Court to try for the first time these misdemeanor cases.

Since the Superior Court had no jurisdiction to try these cases for the first time, the judgments appealed from are vacated and these cases are remanded to the Superior Court in Martin County with direction that they be transferred to the District Court in Tyrrell County for disposition by that court of the

charges contained in the indictments against the defendants. *See State v. Wall,* 271 N.C. 675, 157 S.E. 2d 363 (1967).

Judgments vacated and cases remanded.

Judges BRITT and MARTIN concur.