STATE OF NORTH CAROLINA v. WILLIAM A. PERGERSON

No. 8410SC328

(Filed 5 March 1985)

**Criminal Law § 16.1— joinder of misdemeanor and felony proper—dismissal of felony—jurisdiction of misdemeanor remains in superior court**

The felony of larceny of a motor vehicle and the misdemeanor of unauthorized use of a motor vehicle were properly joined, and the superior

State v. Pergerson

court had jurisdiction over the misdemeanor after the felony was dismissed, where there was evidence that a 1972 Lincoln Continental owned by the father of a friend with whom defendant often stayed was seen spinning out of control by a patrolman, who gave chase; that the driver of the Lincoln, wearing clothes similar to those worn by defendant at a party earlier in the evening, got out of the car and ran after the car struck a utility pole; that the officer identified defendant as the driver of the Lincoln; and that defendant did not have permission to drive the car. The two offenses were clearly based on the same act or transaction. G.S. 7A-271(a)(3); G.S. 15A-926(a).

Chief Judge HEDRICK concurring.

APPEAL by defendant from *Brewer, Judge*. Judgment entered 5 January 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 8 January 1985.

Defendant was indicted and pled not guilty to larceny of an automobile having a value of $2,900 and unlawful operation of that same automobile. Upon State's motion, the two offenses were joined for trial in superior court. At the close of State's evidence, the larceny charge was dismissed for insufficient evidence. At the close of all evidence defendant moved to dismiss the charge of unauthorized operation of a motor vehicle for lack of jurisdiction. The motion was denied. The jury returned a verdict of guilty, and defendant received a one year sentence.

The issue before this court is whether the superior court lacked jurisdiction to try the misdemeanor charge once the felony charge had been dismissed.

*Attorney General Edmisten by Associate Attorney General Barbara P. Riley for the State.*

*Appellate Defender Adam Stein by James R. Glover for defendant appellant.*

PARKER, Judge.

General Statute 7A-271 provides, in pertinent part:

(a) The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division by this Article, except that the superior court has jurisdiction to try a misdemeanor:

. . . .

(3) Which may be properly consolidated for trial with a felony under G.S. 15A-926. . . .

Defendant's two offenses were joined for trial pursuant to G.S. 15A-926(a) which provides for joinder "when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." A ruling on a motion to consolidate will not be disturbed on appeal absent an abuse of discretion. *State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983); *State v. Hardy*, 67 N.C. App. 122, 312 S.E. 2d 699 (1984).

The State's evidence tended to show that on 6 March 1983, Marion Williams owned a 1972 brown Lincoln Continental which he had loaned to his daughter, Elizabeth Choplin. Williams had not given defendant permission to drive the car. The Lincoln would start without an ignition key, just by turning the ignition switch.

The evening of 5 March 1983, Elizabeth Choplin was with defendant at a party at her neighbor's house. Defendant was wearing a yellow T-shirt with holes, blue jeans, tennis shoes and a baseball cap. Choplin left the party and went home with her husband and defendant. Defendant often stayed at the Choplin's house. The Lincoln was parked on the street, and Elizabeth Choplin did not give defendant permission to drive the car.

At approximately 12:30 a.m. on 6 March 1983, Patrolman Curtis Womble saw a brown Lincoln Continental spinning out of control on Glenwood Avenue. Patrolman Womble turned on his siren and the driver of the Lincoln sped up. The Lincoln turned down Cleveland Street, then turned down a gravel alley, skidded, hit some bushes and trees, and struck a utility pole. The driver, a white male wearing white shoes, blue jeans, a yellow T-shirt with holes, and a red baseball cap, got out of the car and ran. Womble pursued him unsuccessfully for several minutes and then returned to his patrol car and reported the Lincoln's license number. Womble then went to Elizabeth Choplin's house on Cleveland Street. He testified that when he saw Donald Choplin, Elizabeth Choplin's husband, he knew that Choplin was not the driver of the Lincoln because "he was too short, too fat, and his hair wasn't

long enough." Womble identified defendant as the driver of the Lincoln.

Defendant testified on his own behalf that he had four mixed drinks and left the party at 8:00 p.m. He called his grandfather and rode his bicycle to his grandfather's house. He spent the night at his grandfather's and returned to the Choplin's at 8:00 a.m. the following morning. Defendant denied driving the Lincoln.

Testimony by defendant's grandfather, Leroy Choplin, corroborated defendant's testimony.

We find that joinder pursuant to G.S. 15A-926(a) was appropriate because the two offenses in this case both related to the same 1972 Lincoln Continental which the evidence tended to show defendant was driving. Clearly the two offenses, larceny and unauthorized use of a motor vehicle, were "based on the same act or transaction."

Defendant admits that after joinder the superior court properly had jurisdiction pursuant to G.S. 7A-271(a)(3), but argues that the felony charge was a sham, manufactured only to create original jurisdiction in the superior court. Essentially, defendant is saying that the two offenses should not have been joined for trial under G.S. 15A-926(a), and the misdemeanor charge should have been heard in district court. Defendant, however, has presented no evidence to support his contention that the felony charge was a sham or to show that the grand jury proceedings were not conducted in good faith. Defendant has shown no prejudice arising from the consolidation or abuse of discretion by the trial judge. The two offenses were properly joined under G.S. 15A-926(a), and the superior court had jurisdiction over the misdemeanor charge under G.S. 7A-271(a)(3). *See State v. Fearing*, 304 N.C. 471, 284 S.E. 2d 487 (1981).

No error.

Judge WHICHARD concurs.

Chief Judge HEDRICK concurs in result.

Chief Judge HEDRICK concurring.

Defendant's one assignment of error is set out in the record as follows:

The defendant assigns as error the following:

1. Entry of judgment, granting the State's motion to consolidate the two charges and denial of the defendant's motion to dismiss the charge of unauthorized use of a motor vehicle; on the ground that this offense was a misdemeanor over which the District Court had exclusive jurisdiction and that the charge was improperly brought in Superior Court by being combined with a felony charge which the State did not . and could not prove.

In his brief defendant argues that, while the charges on which he was tried arose out of the same transaction, the felony charge was "a sham," serving only to "manufactur[e]" original jurisdiction over the misdemeanor charge in the superior court.

Defendant was charged in a proper bill of indictment with felonious larceny of an automobile belonging to M. E. Williams. He was found guilty of unauthorized use of the same motor vehicle in violation of G.S. 14-72.2, a misdemeanor. The offense of unauthorized use of a motor vehicle is a lesser included offense of felonious larceny of a motor vehicle. *State v. Coward*, 54 N.C. App. 488, 283 S.E. 2d 536 (1981); *State v. Ross*, 46 N.C. App. 338, 264 S.E. 2d 742 (1980).

The question of the consolidation of a misdemeanor offense and a felony which were "part of the same act or transaction" so as to give the superior court original jurisdiction over the misdemeanor was first raised by the State's gratuitous motion to join the charges in the present case and is discussed by both the State and the defendant in their briefs as well as by the majority opinion. I believe the question to be meaningless in the context of this case. The short answer to defendant's contention that the superior court lacked jurisdiction to try defendant for the misdemeanor offense is that the superior court has exclusive original jurisdiction to try all felonies and any lesser included offenses of the particular felony charged. G.S. 7A-271(a)(1). In the instant case, where defendant was charged with felonious larceny of an automobile belonging to M. E. Williams, the superior court had

exclusive, original jurisdiction to try the defendant for that offense and for the lesser included offense of the misdemeanor described in G.S. 14-72.2.

I agree with the majority that the defendant had a fair trial free of prejudicial error.