HUNTER, JR. ROBERT N., Judge.
 

 *65
 
 Arthur Orlandus Armstrong ("Defendant") appeals from a jury's verdict convicting him of misdemeanor driving while license revoked and finding him responsible for speeding. Defendant contends the superior court did not retain subject matter jurisdiction over the misdemeanor offense and the infraction after the State dismissed the felony charge before trial. We agree. As a result, we vacate the convictions and judgment of the superior court.
 

 I. Factual and Procedural History
 

 On 12 January 2015, a grand jury indicted Defendant on three charges in three separate indictments: habitual impaired driving, driving while license revoked ("DWLR"), and speeding. On 20 April 2015, the State dismissed the felony habitual impaired driving charge following a report from the State Crime Laboratory showing Defendant's
 
 *66
 
 blood-alcohol concentration ("BAC") was 0.00 when Trooper Michael Davidson stopped him. The trial for misdemeanor DWLR and the infraction of speeding began in superior court on 19 May 2015. The State presented one witness, Trooper Davidson of the North Carolina Highway Patrol.
 

 On 2 November 2013, Trooper Davidson patrolled the area near North Carolina Highway 97 around 2:00 a.m. While stopped at an intersection, he observed a vehicle that "appeared [to be] speeding" traveling east on N.C. 97. He followed the vehicle, using radar and a pace check to obtain its speed. He noted the radar reading, 72 miles per hour in a 55 mile per hour zone. The vehicle "crossed the center line and touched the fog-line" of the highway. Trooper Davidson then activated his lights and siren, and stopped the vehicle at a nearby gas station.
 

 *832
 
 Trooper Davidson asked Defendant to produce his license and registration. Defendant did not produce a license or registration for the vehicle. Defendant stated "he was in the process of getting his license back. That there was an error, but he thought his license was valid." Defendant exited his vehicle and sat in the passenger seat of Trooper Davidson's patrol car. Defendant provided Trooper Davidson with his name, address, and date of birth for Trooper Davidson to search Defendant's license information in Trooper Davidson's on-board computer.
 

 Trooper Davidson charged Defendant with speeding and DWLR. Trooper Davidson "thought [he] smelled a little bit of alcohol coming from [Defendant]." Trooper Davidson charged Defendant with driving while impaired ("DWI").
 

 The State rested its case. Defendant moved to dismiss the charge of DWLR, which the court denied. The defense did not present any evidence. Defendant renewed his motion to dismiss, which the court again denied. Neither the State nor the Defendant raised any jurisdictional issues at trial. The jury returned a verdict of guilty of DWLR and found Defendant responsible of speeding. The superior court sentenced Defendant to 120 days active confinement. Defendant timely gave oral and written notice of appeal.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen.Stat. § 7A-27(b), which provides for an appeal of right to the Court of Appeals from any final judgment of a superior court.
 

 *67
 

 III. Standard of Review
 

 An argument regarding subject matter jurisdiction may be raised at any time, including on appeal.
 
 See
 

 In Re T.R.P.,
 

 360 N.C. 588
 
 , 595,
 
 636 S.E.2d 787
 
 , 793 (2006). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal."
 
 McKoy v. McKoy,
 

 202 N.C.App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010). Even if a party did not object to it at trial, they may contest jurisdiction.
 
 See
 

 Pulley v. Pulley,
 

 255 N.C. 423
 
 , 429,
 
 121 S.E.2d 876
 
 , 880 (1961).
 

 IV. Analysis
 

 Generally, once jurisdiction of a court attaches, a subsequent event will not undo jurisdiction, even if the subsequent event would have prevented jurisdiction from attaching in the first place.
 
 In Re Peoples,
 

 296 N.C. 109
 
 , 146,
 
 250 S.E.2d 890
 
 , 911 (1978). "Jurisdiction is not a light bulb which can be turned off or on during the course of the trial."
 

 Id.
 

 (quoting
 
 Silver Surprize, Inc. v. Sunshine Mining Co.,
 

 74 Wash.2d 519
 
 , 523,
 
 445 P.2d 334
 
 , 336-37 (1968) ).
 

 "Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute."
 
 Harris v. Pembaur,
 

 84 N.C.App. 666
 
 , 667,
 
 353 S.E.2d 673
 
 , 675 (1987). In criminal cases, the State bears the burden of "demonstrating beyond a reasonable doubt that a trial court has subject matter jurisdiction."
 
 State v. Williams,
 

 230 N.C.App. 590
 
 , 595,
 
 754 S.E.2d 826
 
 , 829 (2013). A defendant may raise the question of subject matter jurisdiction at any time, including on appeal.
 

 Id.
 

 In 1961, the General Assembly enacted House Bill 104, entitled "An Act to Amend the Constitution of North Carolina by Rewriting Article IV Thereof and Making Appropriate Amendments of Other Articles so as to Improve the Administration of Justice in North Carolina."
 
 1961 N.C. Sess. Laws 436
 
 . This constitutional amendment, ratified by the People on 6 November 1962, provides, in pertinent part:
 

 (3) Superior Court. Except as otherwise provided by the General Assembly, the Superior Court shall have original general jurisdiction throughout the State. The Clerks of Superior Court shall have such jurisdiction and powers as the General Assembly shall prescribe by general law uniformly applicable in every county of the State.
 

 (4) District Courts; Magistrates. The General Assembly shall, by general law uniformly applicable in every local
 
 *68
 
 court district of the State, prescribe the jurisdiction and powers of the District Courts and Magistrates.
 

 N.C. Const. art. IV § 12 (3-4).
 

 In 1965, pursuant to the rewritten Article IV, the General Assembly enacted House Bill 202, entitled "An Act to Implement
 
 *833
 
 Article IV of the Constitution of North Carolina by Providing for a New Chapter of the General Statutes of North Carolina, to be Known as 'Chapter 7A-Judicial Department', and for Other Purposes."
 
 1965 N.C. Sess. Laws 369
 
 . These statutes now provide, in pertinent part:
 

 § 7A-271. Jurisdiction of Superior Court.
 

 (a) The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division by this Article, except that the superior court has jurisdiction to try a misdemeanor:
 

 (1) Which is a lesser included offense of a felony on which an indictment has been returned, or a felony information as to which an indictment has been properly waived; or
 

 (2) When the charge is initiated by presentment; or
 

 (3) Which may be properly consolidated for trial with a felony under G.S. 15A-926 ;
 

 (4) To which a plea of guilty or nolo contendere is tendered in lieu of a felony charge; or
 

 (5) When a misdemeanor conviction is appealed to the superior court for trial de novo, to accept a guilty plea to a lesser included or related charge.
 

 ...
 

 (c) When a district court is established in a district, any superior court judge presiding over a criminal session of court shall order transferred to the district court any pending misdemeanor which does not fall within the provisions of subsection (a), and which is not pending in the superior court on appeal from a lower court.
 

 § 7A-272. Jurisdiction of district court; concurrent jurisdiction in guilty or no contest pleas for certain felony offenses; appellate and appropriate relief procedures available.
 

 *69
 
 (a) Except as provided in this Article, the district court has exclusive, original jurisdiction for the trial of criminal actions, including municipal ordinance violations, below the grade of felony, and the same are hereby declared to be petty misdemeanors.
 

 N.C. Gen.Stat. § 7A-271(a), (c), 272(a) (2015).
 

 North Carolina superior courts have jurisdiction to try a misdemeanor "[w]hich may be properly consolidated for trial with a felony under G.S. 15A-926." N.C. Gen.Stat. § 7A-271(a)(3) (2015). Two or more offenses, "whether felonies or misdemeanors or both," may "be joined in one pleading or for trial when the offenses ... are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen.Stat. § 15A-926(a) (2015).
 

 For example, in
 
 State v. Pergerson,
 
 a grand jury indicted a defendant and he stood trial for larceny of an automobile (a felony) and unlawful operation of a vehicle (a misdemeanor) in superior court.
 
 73 N.C.App. 286
 
 , 287,
 
 326 S.E.2d 336
 
 , 337 (1985). At the close of the State's evidence, the court dismissed the felony larceny charge.
 

 Id.
 

 This Court held the superior court retained jurisdiction over the misdemeanor charge after the felony charge had been dismissed, as "[c]learly, the two offenses ... were based on the same act or transaction."
 
 Id.
 
 at 289,
 
 326 S.E.2d at 338
 
 . The superior court had jurisdiction at the time the case went to trial because the State properly joined the felony offense with the misdemeanor offense. The critical fact in
 
 Pergerson
 
 was the superior court properly had jurisdiction at the time of trial. This follows the general principle of invocation of jurisdiction, as the superior court had jurisdiction at the time the case proceeded to trial and jurisdiction existed throughout the duration of the trial.
 

 In contrast, in
 
 State v. Wall,
 
 the superior court accepted a defendant's plea of guilty to two misdemeanor charges.
 
 271 N.C. 675
 
 , 677,
 
 157 S.E.2d 363
 
 , 365 (1967). The grand jury did not indict the defendant on any felony charge. The Supreme Court held the "superior court was without jurisdiction to
 
 proceed to trial
 
 on [the] ... indictments."
 
 Id.
 
 at 682,
 
 157 S.E.2d at 368
 
 . (emphasis added). The superior court was without jurisdiction to proceed to trial because "[p]resently, defendant is under indictment for misdemeanors."
 

 Id.
 

 As a result, jurisdictional status hinges upon the circumstances as they exist at the time a case is to "proceed to trial."
 

 Id.
 

 Once established, jurisdiction cannot be taken away.
 

 *834
 

 *70
 
 With regard to infractions, including speeding, N.C. Gen.Stat. § 7A-271(d) provides a superior court has jurisdiction over an infraction in two instances. First, a superior court has jurisdiction when the infraction is a lesser-included offense of a "criminal action properly before the court." N.C. Gen.Stat. § 7A-271(d)(1) (2015). The second instance is when the infraction is a lesser-included offense of a "criminal action properly before the court, or ... a related charge." A superior court has jurisdiction to accept an admission of responsibility for the infraction. N.C. Gen.Stat. § 7A-271(d)(2) (2015).
 

 N.C. Gen.Stat. § 7A-271(c) establishes the procedure for trial court judges to follow when the superior court does not have subject matter jurisdiction over a pending case pursuant to N.C. Gen.Stat. § 7A-271(a) :
 

 When a district court is established in a district, any superior court judge presiding over a criminal session of court
 
 shall
 
 order transferred to the district court any pending misdemeanor which does not fall within the provisions of subsection (a), and which is not pending in the superior court on appeal from a lower court.
 

 N.C. Gen. Stat § 7A-271(c) (2015). (emphasis added). The transfer of a matter not properly before a superior court is not a decision that rests within the discretion of a superior court judge. On the contrary, the statute requires a superior court judge "shall order" pending cases without subject matter jurisdiction to be transferred to the district court. Before a case proceeds to trial, a superior court judge must transfer to the appropriate court a pending matter which is not properly before the superior court.
 

 Id.
 

 "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority."
 
 State v. Felmet,
 

 302 N.C. 173
 
 , 176,
 
 273 S.E.2d 708
 
 , 711 (1981). Where a trial court lacks jurisdiction to allow a conviction, the appropriate remedy is to vacate the judgment of the trial court.
 
 See
 

 State v. Partridge,
 

 157 N.C.App. 568
 
 , 571,
 
 579 S.E.2d 398
 
 , 400 (2003).
 

 Here, Defendant contends the superior court lacked jurisdiction to try him on the misdemeanor DWLR charge and the infraction of speeding. Defendant argues his case presents none of the exceptions listed in N.C. Gen.Stat. § 7A-271 in which a superior court has jurisdiction to try a misdemeanor or an infraction. He argues N.C. Gen.Stat. § 7A-271(c) directs a superior court in this situation to transfer the matter to the
 
 *71
 
 appropriate district court. Defendant asks us to vacate the judgment of the superior court. We are persuaded by Defendant's arguments.
 

 The grand jury issued three indictments charging Defendant with three offenses: a felony, a misdemeanor, and an infraction. The State properly joined the three offenses for trial under N.C. Gen.Stat. 15A-926, as the offenses were part of the same act, specifically Defendant's operation of the motor vehicle on 2 November 2013. Had the case gone to trial at this point, the superior court would have had jurisdiction over the misdemeanor and the infraction. However, the State dismissed the felony charge of habitual impaired driving on 20 April 2015. At the time the case proceeded to trial in superior court, only a misdemeanor and an infraction remained. Without the felony offense, the misdemeanor fell under none of the exceptions in N.C. Gen.Stat. § 7A-271(a), and the infraction fell under none of the exceptions in N.C. Gen.Stat. 7A-271(d). Thus, under N.C. Gen.Stat. § 7A-271(c), once the felony was dismissed prior to trial, the court should have "transferred" the two remaining charges to the district court.
 

 The record here shows after dismissal of the felony the superior court lacked jurisdiction over the misdemeanor and the infraction. We hold the superior court did not properly have subject matter jurisdiction in this case.
 

 V. Conclusion
 

 We vacate the judgment of the superior court.
 

 VACATED.
 

 Judges CALABRIA and TYSON concur.