IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-631

Filed 20 May 2026

New Hanover County, No. 23CR312784-640

STATE OF NORTH CAROLINA

v.

DAVID S. MYERS

Appeal by defendant from judgments entered 11 December 2024 by Judge Augustus D. Willis, IV, in New Hanover County Superior Court. Heard in the Court of Appeals 24 February 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Emily E. Sorge, for the State.*

*Cooper Strickland for defendant-appellant.*

ZACHARY, Judge.

Defendant appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of 1) felony fleeing to elude arrest by motor vehicle and 2) misdemeanor resisting a public officer, and responsible for 1) a lane change signal violation and 2) failure to carry a valid driver's license. On appeal, Defendant argues that the trial court erred by 1) denying his motion to dismiss and 2) sentencing him to 30 months' probation in violation of N.C. Gen. Stat. § 15A-1343.2(d)(2) (2023). After careful review, we conclude that the trial court lacked subject-matter jurisdiction over

Defendant's traffic infractions. Accordingly, we vacate the judgment entered in file number 23CR312784-640, which consolidated Defendant's misdemeanor conviction with his traffic infractions (the "consolidated judgment"), and remand to the trial court for resentencing.

## I. Background

Defendant's case came on for jury trial on 9 December 2024 in New Hanover County Superior Court. At trial, the State presented evidence that tended to show the following:

In the early morning hours of 21 May 2023, Officer Beau Early of the Wilmington Police Department was patrolling Market Street in a marked police vehicle. He observed Defendant traveling eastbound on Market Street before making "a U-turn to begin traveling westbound on Market Street." As Officer Early watched, Defendant "made another U-turn . . . to go back eastbound on Market Street." Defendant's actions "appeared to be evasive," which "sparked [Officer Early's] interest" because they suggested that Defendant "was trying to get away from" Officer Early. Officer Early began following Defendant, who pulled off of Market Street into a parking lot and then reentered the road "behind [Officer Early] so [Officer Early] was no longer following him."

Due to Defendant's "evasive action coupled with [his] rapid, unnecessary lane changes," Officer Early continued to monitor Defendant's vehicle. Officer Early slowed down and Defendant "eventually passed" him. Officer Early then watched

Defendant "make a lane change into the left-hand turn lane without using a [turn] signal" before coming to a stop at a stop sign. At this point, Officer Early initiated a traffic stop. Defendant stopped his vehicle "in the middle of [an] intersection." Officer Early ordered Defendant to pull into a nearby parking lot where he discovered that Defendant, who was "extremely agitated," did not have his driver's license. Officer Early "opened the car door and . . . asked [Defendant] to exit the vehicle"; Defendant refused and drove off at a high rate of speed while the door of his vehicle remained open. Officer Early "was not able to catch up to [Defendant's] vehicle."

Based on the encounter, Officer Early obtained a warrant for Defendant's arrest, which was served on 3 June 2023. A New Hanover County grand jury returned an indictment charging Defendant with two criminal offenses—fleeing to elude arrest with a motor vehicle, based on two aggravating factors (a felony); and resisting a public officer (a misdemeanor)—and two traffic infractions (failure to signal a lane change and failure to carry a valid driver's license).

Footage from Officer Early's dash-cam and body-worn camera of the incident was admitted at trial and published to the jury.

Defendant testified at trial in his own defense. When asked on cross-examination about the footage showing that he made a lane change without using his turn signal, Defendant stated that he "used [his] turn signal."

Defense counsel moved to dismiss all charges for insufficient evidence at the close of the State's evidence and renewed the motion at the close of all evidence; the

court denied the motion on both occasions.

On 11 December 2024, the jury returned its verdicts finding Defendant guilty of 1) fleeing to elude arrest with a motor vehicle and 2) resisting a public officer, and responsible for 1) a lane change signal violation and 2) failure to carry a valid driver's license. That same day, the trial court entered judgments, first sentencing Defendant to 6 to 17 months' imprisonment in the custody of the North Carolina Department of Adult Correction for his conviction for fleeing to elude arrest with two aggravating factors and ordering Defendant to pay $1,805.75 in costs. The court entered a second judgment consolidating Defendant's conviction for resisting a public officer with his two traffic infractions and sentencing him to 45 days' imprisonment, suspended for a term of 30 months of supervised probation, to begin upon the expiration of Defendant's sentence in the first judgment. The court further provided in the second judgment that "once mental health assessment and treatment are completed, money is paid and no violations, probation can be transferred to unsupervised."

Defendant entered oral notice of appeal.

## II. Discussion

Defendant argues that the trial court erred "by denying [his] motions to dismiss after the State failed to establish that [he] committed a lane change signal violation" and "by sentencing [him] to 30 months' probation for consolidated misdemeanor offenses in violation of N.C. Gen. Stat. § 15A-1343.2(d)(2)." We need not reach the merits of Defendant's arguments, however, as our conclusion that the trial

court lacked subject-matter jurisdiction over Defendant's traffic infractions is dispositive of the appeal.

"Subject[-]matter jurisdiction is the authority of a court to adjudicate the type of controversy presented by the action before it, and is conferred upon the courts by either the North Carolina Constitution or by statute." *State v. Briggs*, 257 N.C. App. 500, 502, 812 S.E.2d 174, 176 (2018) (cleaned up). "A trial court must have subject[-]matter jurisdiction over a case in order to act in that case." *Id.* (citation omitted). "The issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*." *State v. Hendricks*, 277 N.C. App. 304, 306, 858 S.E.2d 384, 385 (2021) (cleaned up). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *State v. Armstrong*, 248 N.C. App. 65, 67, 786 S.E.2d 830, 832 (2016) (citation omitted).

Here, in addition to two criminal offenses (one felony and one misdemeanor), Defendant was charged by indictment with two traffic offenses: 1) failure to signal a lane change, which is a violation of N.C. Gen. Stat. § 20-154(a), and 2) failure to carry a valid driver's license, in violation of N.C. Gen. Stat. § 20-7(a). "An infraction is a noncriminal violation of law not punishable by imprisonment." N.C. Gen. Stat. § 14-3.1(a); *see also id.* §§ 20-7, 20-154.

"[O]riginal, exclusive jurisdiction for the adjudication and disposition of infractions lies in the district court division," except under the limited circumstances provided by § 7A-271(d). *Id.* § 7A-253.

Pursuant to section 7A-271(d):

> (1)    If the infraction is a lesser-included violation of a criminal action properly before the court, the court must submit the infraction for the jury's consideration in factually appropriate cases.

> (2)    If the infraction is a lesser-included violation of a criminal action properly before the court, or if it is a related charge, the court may accept admissions of responsibility for the infraction.

"The transfer of a matter not properly before a superior court is not a decision that rests within the discretion of a superior court judge." *Armstrong*, 248 N.C. App. at 70, 786 S.E.2d at 834. Rather, "[b]efore a case proceeds to trial, a superior court judge must transfer to the appropriate court a pending matter which is not properly before the superior court." *Id.*; *see also State v. Baker*, 263 N.C. App. 221, 231, 822 S.E.2d 902, 908 (2018) (determining that the superior court "erred in dismissing the case, rather than transferring it to the district court upon the finding of a lack of jurisdiction").

In the case at bar, all four charges—one felony, one misdemeanor, and two traffic infractions—were initiated by an indictment at the superior court level. However, neither infraction meets the statutory exception provided by N.C. Gen. Stat. § 7A-271(d). Neither failure to signal a lane change, a violation of N.C. Gen. Stat. § 20-154(a), nor failure to carry a valid driver's license, a violation of N.C. Gen. Stat. § 20-7(a), was "a lesser-included violation of a criminal action properly before the court." N.C. Gen. Stat. § 7A-271(d)(1). Moreover, Defendant did not—and still

does not—admit responsibility for either infraction. *See id.* § 7A-271(d)(2). Quite the contrary, on appeal, Defendant challenges the sufficiency of the evidence to support the lane change signal violation. Therefore, the superior court did not have subject-matter jurisdiction over these infractions, for which original, exclusive jurisdiction is statutorily vested in the district court. *Id.* § 7A-253.

"Where a trial court lacks jurisdiction to allow a conviction, the appropriate remedy is to vacate the judgment of the trial court." *Armstrong*, 248 N.C. App. at 70, 786 S.E.2d at 834. Accordingly, we vacate the trial court's judgment entered in file number 23CR312784-640, which consolidated Defendant's misdemeanor conviction with his traffic infractions, and remand for resentencing.

Because our conclusion on this issue necessitates vacatur of the judgment entered upon Defendant's traffic infractions and misdemeanor conviction and remand to the trial court for resentencing, we do not address Defendant's remaining argument. However, should the court impose a probationary period exceeding the statutorily allowed maximum term of 24 months on remand, it must make the requisite findings of fact to support that period of probation. *See State v. Sale*, 232 N.C. App. 662, 664, 754 S.E.2d 474, 476 (2014).

### III. Conclusion

After careful review, we conclude that under these circumstances, the trial court lacked subject-matter jurisdiction to try Defendant for the two traffic infractions with which he was charged in this case. Thus, we vacate the consolidated

judgment and remand for resentencing. We leave undisturbed the judgment entered in file number 23CR312784-640 which sentenced Defendant for his felony conviction.

VACATED IN PART AND REMANDED.

Judges STROUD and GORE concur.