STATE OF NORTH CAROLINA v. REGINALD ALEX ROSS

No. 796SC943

(Filed 15 April 1980)

**Automobiles § 134— unauthorized use of vehicle—lesser included offense of automobile larceny**

The crime of unauthorized use of a motor vehicle in violation of G.S. 14-72.2(a) is a lesser included offense of larceny of an automobile. The trial court in this prosecution for larceny of an automobile erred in refusing to instruct on unauthorized use of a motor vehicle where there was evidence that a car was taken from a garage where it had been taken for repairs; defendant was later found in the car by an officer; defendant had no permission to take or operate the car; and defendant's testimony tended to show that he had no intent to steal the car.

APPEAL by defendant from *Smith (David I.), Judge.* Judgment entered 30 May 1979 in Superior Court, HERTFORD County. Heard in the Court of Appeals 4 March 1980.

Defendant was charged with and convicted of felonious larceny of an automobile. The state's evidence showed Deputy Sheriff Holloman saw defendant in a blue Volkswagen car about 2:30 a.m. parked near a store. A check of the car revealed it was owned by Revelle Builders of Murfreesboro and had been left by the owner at Edwards Garage for repairs. As the officer was making his investigation, the defendant tried to "pull the car away" but it was out of gas and choked off before it reached the street. The officer then took the keys. No one gave the defendant permission to take or use the car and it had a fair market value of about $800.

Defendant's evidence showed he was out walking his dogs and four or five guys picked him up for a ride. They rode off, stopped and picked up another car. Defendant with his dogs got in the other car and went home to change clothes. Then defendant and the other guys went riding around for about a mile and a half

and ran out of gas. The others left to go get some gas, but he stayed at the car as he thought he could arouse someone at the service station where the car had stopped. Shortly after the others left, the officer arrived. The defendant did not know anything about the car being stolen; keeping the car wasn't on his mind; he didn't care anything about the car.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Rosbon D. B. Whedbee for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant's counsel, in apt time, requested the trial judge to instruct the jury on the crime of unauthorized use of a motor vehicle, N.C.G.S. 14-72.2(a), as a lesser included offense.

The court declined so to do and defendant assigns this as error. We agree with defendant and for this reason a new trial must be ordered.

It is true that the Supreme Court in *State v. Wall*, 271 N.C. 675, 157 S.E. 2d 363 (1967), held that a violation of former N.C.G.S. 20-105, sometimes referred to as "temporary larceny" of a vehicle, was not a lesser included offense of larceny. *See State v. Covington*, 267 N.C. 292, 148 S.E. 2d 138 (1966); *State v. McCrary*, 263 N.C. 490, 139 S.E. 2d 739 (1965); *State v. Stinnett*, 203 N.C. 829, 167 S.E. 63 (1933). Effective 1 January 1975, N.C.G.S. 20-105 was repealed and N.C.G.S. 14-72.2 was adopted. The legislature thereby removed the offense from the chapter on motor vehicles and placed it in Chapter 14, Criminal Law, immediately following N.C.G.S. 14-72, the statute on larceny. Although the legislature did not expressly so state, we find it intended N.C.G.S. 14-72.2(a) to be a lesser included offense of N.C.G.S. 14-72 where the evidence would support it. This view is also adopted in the North Carolina Pattern Jury Instructions. *See* N.C.P.I.—Crim. 216.10 (1979).

All of the essential elements of the crime of unauthorized use of a conveyance, N.C.G.S. 14-72.2(a), are included in larceny, N.C.G.S. 14-72, and we hold that it may be a lesser included offense of larceny where there is evidence to support the charge. *State v. Reese*, 31 N.C. App. 575, 230 S.E. 2d 213 (1976).

---

Here the evidence does support the charge. There is no eyewitness testimony as to who took the Volkswagen car. Defendant is later found in the car by the officer. He had no consent to take or operate the car. Defendant's testimony tends to show he had no intent to steal the car. This evidence is sufficient to require the submission of the lesser included offense to the jury.

We note that the state relied upon the doctrine of possession by defendant of recently stolen property. The court, however, failed to instruct the jury upon this theory. We do not pass upon this and defendant's other assignments of error as they may not occur upon retrial.

New trial.

Judges PARKER and HILL concur.