STATE OF NORTH CAROLINA v. CALVIN ANGELO COWARD

No. 818SC338

(Filed 3 November 1981)

Criminal Law § 115.1 — unauthorized use of motor conveyance — failure to instruct — error

It was reversible error to fail to submit to the jury an instruction on the lesser included offense of unauthorized use of a motor vehicle where defendant was charged with felonious larceny of an automobile as defendant presented evidence that he did not intend to steal the victim's car.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 4 December 1980 in Superior Court, LENOIR County. Heard in the Court of Appeals 23 September 1981.

Defendant was charged with and convicted of felonious larceny of an automobile. From a sentence of a minimum of two years and a maximum of five years imprisonment, defendant appeals.

The State's evidence tended to show that Dwayne Smith picked up two hitchhikers, the defendant and Nate Mitchell, on 30 September 1980. They rode around for about 45 minutes at which time Smith drove the two men to a specific address and waited in the car at their request. The defendant and Mitchell went to the back of this house and after a few minutes Smith followed. Smith testified that he was then robbed by the two men and that they stole his car.

The defendant presented evidence that he was at home when Mitchell arrived with Smith in Smith's car. Mitchell said that Smith wanted to buy some marijuana and the defendant agreed to ride with them to help them find some. At one point Smith gave Mitchell money for marijuana and Mitchell and the de-

fendant alone drove Smith's car to pick up the drugs. As they were driving off, Mitchell told the defendant that he had no intention of returning with the money or marijuana. The defendant rode with Mitchell to a place near the defendant's home. Mitchell parked the car and the defendant walked home.

*Attorney General Edmisten by Assistant Attorney General Douglas A. Johnston for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defenders Marc D. Towler, Malcolm R. Hunter, Jr., and M. Christopher Kemp for the defendant-appellant.*

MARTIN (Robert M.), Judge.

Defendant assigns as error the failure of the trial judge to submit to the jury the offense of unauthorized use of a motor vehicle, N.C. Gen. Stat. § 14-72.2(a), as a lesser included offense. We agree with the defendant and for this reason the defendant is entitled to a new trial.

All of the essential elements of the crime of unauthorized use of a motor conveyance, N.C. Gen. Stat. § 14-72.2(a) are included in larceny, N.C. Gen. Stat. § 14-72, and this Court has held that it may be a lesser included offense of larceny where there is evidence to support the charge. *State v. Ross,* 46 N.C. App. 338, 264 S.E. 2d 742 (1980); *State v. Reese,* 31 N.C. App. 575, 230 S.E. 2d 213 (1976).

This case is very similar to *Ross, supra,* in which the defendant offered evidence to show that he had no intent to steal the car involved. Ross was found in possession of a stolen automobile. As an officer approached the car, the defendant tried to drive away, but the car was out of gasoline. The defendant testified that he had been picked up by some other people who left the car when it ran out of gas, that he did not know the car was stolen, and that he had no interest in keeping the car. That defendant was entitled to a new trial because of the failure of the judge to instruct on the lesser included offense of unauthorized use of a motor vehicle.

Here the evidence supports the charge on the lesser included offense. The defendant presented evidence that he did not intend to steal Smith's car. It is reversible error to fail to submit to the

jury an instruction on a lesser included offense supported by the evidence, even without a specific request by the defendant for the instruction, and the error is not cured by the conviction of defendant for the greater offense. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970).

We do not pass on defendant's remaining assignments of error because they may not recur on retrial.

New trial.

Judges MARTIN (Harry C.) and BECTON concur.