STATE OF NORTH CAROLINA v. HARRY JAMES McRAE AKA HAROLD Mc-CRAE

No. 8114SC1418

(Filed 6 July 1982)

**1. Witnesses § 1.2 — children as competent witnesses**
    The trial court properly denied defendant's motion to quash the State's subpoena for two children, ages three and four, who were in an automobile at the time of an alleged kidnapping since there is no age below which one is considered incompetent, as a matter of law, to testify.

**2. Criminal Law § 64— test concerning consumption of a hallucinogenic drug—non-available—full compliance with court order**

The trial court did not abuse its discretion in finding that a hospital had complied with an order in which the hospital was asked to determine, in part, if defendant's body contained a hallucinogenic drug since the hospital submitted a report prepared by a forensic psychiatrist at the hospital stating that there were no tests available to determine whether a person had consumed a hallucinogenic drug several months earlier.

**3. Kidnapping § 1.2— sufficiency of evidence of restraint**

The trial court did not err in failing to dismiss a kidnapping charge where the evidence showed that defendant entered a woman's car without her permission and ordered her to drive around, told her that if she did as he said, no one would be hurt, and where the woman thought defendant had a pistol under his jacket. From such evidence the jury could reasonably infer that the woman acquiesced to defendant's demands because she feared for her safety. G.S. 14-39.

**4. Criminal Law § 115.1— kidnapping and felonious larceny—refusal to instruct on forcible trespass and unauthorized use of a motor vehicle as lesser offenses proper**

In a prosecution for kidnapping and felonious larceny, the trial judge properly failed to instruct on forcible trespass and unauthorized use of a motor vehicle since forcible trespass requires proof of an element not essential to kidnapping, entry into a person's premises, and cannot be a lesser included offense of kidnapping, and since all the evidence tended to show that defendant intended to permanently deprive the victim of her car, thereby not supporting the charge of unauthorized use of a motor vehicle. G.S. 14-72.2 and 14-72.

APPEAL by defendant from *Martin (John C.), Judge.* Judgments entered 5 August 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 June 1982.

Defendant was convicted of kidnapping and felonious larceny. Judgments imposing concurrent prison sentences were entered.

The State's evidence tends to show the following. On 22 February 1981, Clara Strickland was sitting in her car in the parking lot of an A & P store. With her were her three-year-old granddaughter and another child four years of age. Between 1:15 p.m. and 1:30 p.m., defendant angrily exited from the A & P store. Mrs. Strickland watched him sit on the hood of a car, jump off, hit the car, and then sit on the hood again. Her attention was briefly diverted, and then she heard her car door open. Defendant entered the car without her permission. He had his hand under his jacket as if he had a gun. When defendant ordered her to start the car and drive where he directed, she complied. At a

later time, she and the children were able to jump out of the car. Defendant continued to drive, causing damage to the Strickland car and other cars on the street.

Defendant testified that he did not remember going to the A & P store on 22 February 1981. The previous night, he had attended a party where he had consumed alcohol and marijuana. Fifteen to twenty minutes after drinking something from a glass handed to him, he had become drowsy and thought the walls were coming toward him. He left the party. The next thing he remembered was waking up in jail.

*Attorney General Edmisten, by Assistant Attorney General Reginald L. Watkins, for the State.*

*Shirley D. Dean, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward several assignments of error. None of them disclose prejudicial error.

[1] Defendant first argues that the court committed prejudicial error in denying his motion to quash the State's subpoena for the two children who were in the automobile at the time of the alleged kidnapping. Defendant's motion, in effect, asked the court to declare the children incompetent witnesses before they had even been called to testify. In North Carolina, however, there is no age below which one is considered incompetent, as a matter of law, to testify. *State v. Thomas,* 296 N.C. 236, 250 S.E. 2d 204 (1978); *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406 (1966). The court did not err in allowing the children to remain in the courtroom. Defendant's assignment of error is overruled.

[2] Defendant's second assignment of error is that the court erred in denying his motion to compel the superintendent of Dorothea Dix Hospital to make full compliance with an earlier order. That order had directed the defendant to be committed to Dorothea Dix Hospital for determination, in part, if his body contained a hallucinogenic drug.

We hold that the court did not abuse its discretion in finding that the hospital had complied with the order. A submitted report prepared by a forensic psychiatrist at the hospital stated that

there were no tests available to determine whether a person had consumed a hallucinogenic drug several months earlier. The assignment of error is overruled.

[3] In Assignment of Error No. 3, defendant argues that the court erred in failing to grant his motion for dismissal of the kidnapping charge. Defendant contends that the State offered no evidence of restraint, as required by G.S. 14-39. We disagree.

On a motion for nonsuit, the evidence must be construed in the light most favorable to the State. *State v. Avery*, 48 N.C. App. 675, 269 S.E. 2d 708 (1980). Here, the evidence shows that defendant entered Mrs. Strickland's car without her permission and ordered her to drive him around. He told her that if she did as he said, no one would be hurt. Mrs. Strickland thought defendant had a pistol under his jacket. A jury could reasonably infer from such evidence that Mrs. Strickland acquiesced to defendant's demands because she feared for her safety. It was not necessary for the State to prove use of actual physical force. *State v. Barbour*, 278 N.C. 449, 454, 180 S.E. 2d 115, 118 (1971), *cert. denied*, 404 U.S. 1023, 92 S.Ct. 699, 30 L.Ed. 2d 673 (1972). Defendant's assignment of error is overruled.

[4] In Assignments of Error Nos. 4 and 5, defendant excepts to the court's jury instructions. Defendant contends that the court should have instructed on forcible trespass and unauthorized use of a motor vehicle. We disagree.

When a defendant is indicted for a criminal offense, he may, if the evidence so warrants, be convicted of the charged offense or of a lesser offense, all the elements of which are included in the charged offense and capable of proof by proof of the allegations of fact in the indictment. *State v. Aiken*, 286 N.C. 202, 209 S.E. 2d 763 (1974); *State v. Riera*, 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970). Kidnapping, as defined by G.S. 14-39, is the confinement, restraint or removal of a person against his will for a felonious purpose. Forcible trespass is the unlawful invasion of the premises of another. *Anthony v. Protective Union*, 206 N.C. 7, 173 S.E. 6 (1934). Since forcible trespass requires proof of an element not essential to kidnapping, i.e., entry into a person's premises, it cannot be a lesser included offense of kidnapping. The court, therefore, did not err in failing to instruct on forcible trespass.

First Citizens Bank v. Powell

Unauthorized use of a motor vehicle in violation of G.S. 14-72.2 is considered a lesser included offense of larceny, G.S. 14-72, where there is evidence to support the charge. *State v. Ross,* 46 N.C. App. 338, 264 S.E. 2d 742 (1980). Here, the evidence is uncontradicted that after the exit of Mrs. Strickland and the children, defendant told Mrs. Strickland he was "going to have the car." Where all the evidence tends to show that defendant intended to permanently deprive the victim of her car, it would be improper for the court to instruct on unauthorized use of a conveyance. *See State v. Green,* --- N.C. ---, 290 S.E. 2d 625 (1982).

No error.

Judges MARTIN (Harry C.) and HILL concur.