STATE OF NORTH CAROLINA v. KENNETH ALLEN DOVER

No. 42A83

(Filed 3 May 1983)

1. **Kidnapping § 1.2; Rape and Allied Offenses § 5— first degree sex offense—kidnapping—sufficiency of evidence**

     The State's evidence was sufficient to support verdicts finding defendant guilty of first degree sex offense and kidnapping where it tended to show that the victim was working as a clerk in a convenience store; defendant entered the store, put his hand over the victim's mouth, and held a knife near her eyes; defendant walked the victim to the front of the store where he forced her to lock the doors; defendant then walked the victim into a storeroom and shut the door; defendant forced the victim to disrobe and placed his fingers into her vagina; defendant then tried to rape the victim but was physically unable to do so; the victim thought she might be able to escape if she could convince defendant to go to her house where it was more comfortable; defendant allowed the victim to put on her clothes and forced her into her car; as the victim drove toward her home, defendant allowed her to pull into the parking lot of a convenience store to buy a soft drink; and the victim escaped defendant by running into the store and locking the doors behind her.

2. **Robbery § 4.4— attempted armed robbery—sufficiency of evidence**

     The State's evidence was sufficient to support conviction of defendant for attempted armed robbery where it tended to show that the victim was working as a clerk in a convenience store; defendant entered the store and pulled a knife on the victim; defendant grabbed the victim by the shoulder, put the knife to her left side and then moved it to the center of her stomach and asked her several times if she wanted to die; defendant demanded the keys to the victim's car, punching the victim as he spoke; when defendant noticed a car pulling into the intersection where the store was located, he threw the victim lose cutting two of her fingers and breaking another one in the process; the victim picked up a knife with which she had been cutting cheese and defendant then backed out of the store; and the victim locked the doors of the store and called the police.

3. **Criminal Law § 101.4— permitting jury to reexamine photographs—no abuse of discretion**

     The trial court did not abuse its discretion in permitting the jury to reexamine a photographic array previously admitted into evidence after the jury stated that it was deadlocked. G.S. 15A-1233(a).

ON appeal by defendant from judgments entered by *Albright, J.*, during the 23 August 1982 Session of Superior Court, ROWAN County.

Defendant was charged in indictments proper in form with sex offense in the first degree and kidnapping of Laura Price and

attempted robbery with a dangerous weapon of Dorothy Kar-
riker. Defendant was convicted of each charge.

*Rufus L. Edmisten, Attorney General, by Guy A. Hamlin,
Assistant Attorney General, for the State.*

*Davis & Corriher, by James A. Corriher, for defendant.*

MARTIN, Justice.

Defendant brings forth several assignments of error which he
claims entitle him to a new trial. Upon careful review of the
record and briefs before us, we have determined that defendant
received a fair trial, free of prejudicial error. Accordingly, we af-
firm the judgments entered by the trial court.

Defendant first argues that the trial court erred by denying
his motions to dismiss the charges against him at the close of the
state's case and at the close of all of the evidence on grounds that
there was insufficient evidence to submit the charges to the jury.
He also contends that the court erred in denying his motion to set
aside the jury's verdicts of guilt for the same reason. Defendant
presents no argument in his brief for these assertions. Never-
theless, we have reviewed the record and transcript of defend-
ant's trial and hold that the trial court did not err in its rulings
on defendant's motions.

Upon a motion to dismiss in a criminal action,

all of the evidence favorable to the State, whether competent
or incompetent, must be considered, such evidence must be
deemed true and considered in the light most favorable to
the State, discrepancies and contradictions therein are disre-
garded and the State is entitled to every inference of fact
which may be reasonably deduced therefrom.

*State v. Witherspoon,* 293 N.C. 321, 326, 237 S.E. 2d 822, 826
(1977); *See also, e.g., State v. White,* 307 N.C. 42, 296 S.E. 2d 267
(1982).

[1] In the present case, evidence for the state tended to show
that about midnight of 28 March 1982, Ms. Laura Price was work-
ing as a clerk at a Fast Fare store on West C Street in Kan-
napolis. At that time defendant entered the store, walked through
it, and then suddenly put his hand over Ms. Price's mouth and

held a knife near her eyes. Defendant walked Ms. Price to the front of the store, where he forced her to lock the doors to the Fast Fare. He then walked her into a storeroom and shut the door. Defendant told Ms. Price that "the world had done him wrong" and that he was going to punish her. He forced her to disrobe and placed his fingers into her vagina. Defendant then tried to rape Ms. Price but was physically unable to do so. Ms. Price testified that she thought she might be able to escape from defendant if she could convince him to go to her house where it was more comfortable. Defendant allowed Ms. Price to put on her clothes and forced her into her car. As Ms. Price drove toward her home, she deliberately sped through a red light in order to attract attention. Although she was stopped by a police patrolman, Ms. Price was unable to communicate her plight because defendant held a knife against her side. Ms. Price and the defendant drove on. Ms. Price told defendant she wanted to buy a soft drink, and he allowed her to pull into the parking lot of the Fast Fare on North Ridge Street. There, Ms. Price escaped defendant by running into the store, locking the doors behind her. She then called the sheriff's department.

[2] The state's evidence further tended to show that about 2:00 a.m. on 29 March 1982, Ms. Dorothy Karriker was working as a clerk at a Fast Fare located at the intersection of West C Street and Enochville Avenue in Kannapolis. At that time defendant entered the store and pulled a knife on Ms. Karriker. At trial Ms. Karriker testified that defendant then "grabbed me by the shoulder, turned me back around, put the knife to my left side. He . . . moved it over to the center of my stomach, and he asked me several times if I wanted to die." He demanded the keys to her car, punching Ms. Karriker as he spoke. When defendant noticed a car pulling into the intersection where the Fast Fare was located, he threw Ms. Karriker loose, cutting two of her fingers and breaking another one in the process. Defendant moved down an aisle of the store. Ms. Karriker picked up a knife with which she had been cutting cheese, and defendant then backed out of the store. Ms. Karriker locked the doors of the Fast Fare and called the police.

We hold that this evidence is sufficient to support the jury's verdicts of guilty of sex offense in the first degree and kidnap-

ping of Laura Price and attempted robbery with a dangerous weapon of Dorothy Karriker.

**[3]** Defendant next contends that the trial court erred by allowing the jury to reexamine the photographs that had been shown to Laura Price after her assaults. After deliberating for some time, the jury was called back into the courtroom in order to be released for its evening recess. At this time, the trial court ascertained that the jury was deadlocked and released it after giving the usual cautionary instructions. Upon its return the next morning, the jury was further instructed and retired to the jury room to deliberate. Eventually the jury returned and requested to see the photographic array which had previously been admitted into evidence. The trial court permitted the jury to examine the photographs in open court. The jury then retired for further deliberations.

N.C.G.S. 15A-1233(a) permits a trial judge to allow the jury to reexamine evidence previously admitted at trial:

> § 15A-1233. Review of testimony; use of evidence by the jury. — (a) If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

Defendant contends that the trial court abused its discretion in permitting the jury to reexamine the photographs because the jury had stated that it was deadlocked. Defendant claims that by allowing the jury to see this identification evidence, the court impermissibly placed its imprimatur upon the jury's estimation of the importance of this evidence. Defendant also argues that the trial court abused its discretion by failing to require the jury to reexamine all of the evidence relevant to the issue of the identity of the perpetrator of the crimes, despite the fact that at the time no one requested that the jury do so. Defendant argues that all of

this prejudiced him because after reviewing the identification evidence the jury returned its verdicts of guilt.

Whether to allow the jury in a criminal trial to reexamine evidence previously admitted lies within the discretion of the trial court. N.C. Gen. Stat. § 15A-1233(a) (1978). *See State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980). We hold that defendant has failed to show that the trial court abused its discretion in permitting the jury to reexamine the photographic array. In allowing the jury to review the photographs, the trial court complied with the statute. The fact that the jury at one point indicated that it was deadlocked did not make its reexamination of the photographic evidence prejudicial error.

Defendant received a fair trial, free of prejudicial error.

No error.