STATE OF NORTH CAROLINA v. BILLY RAY WILSON

No. 844SC368

(Filed 5 March 1985)

1. **Assault and Battery § 13; Criminal Law § 50— assault with a deadly weapon— testimony not opinion**

  In a prosecution for kidnapping and assault with a deadly weapon with intent to kill inflicting serious injury, testimony by the victim that defendant was holding his shotgun and "putting the shells in it evidently" was properly admitted. The testimony was to the fact that defendant was putting the shells into the shotgun; the use of the word "evidently" was simply a manner of speaking.

2. **Criminal Law § 102.5— felonious assault—prosecutor's comment—no merit**

  In a prosecution for felonious assault and kidnapping, there was no error in not granting defendant's motion to strike and for a mistrial after the State asked the victim to point out the person who shot her twice in the back ". . . and did this awful thing to you." While the question may have been improper, no response was made, there was no testimony to strike, and no prejudice resulted to defendant, particularly in view of the medical evidence concerning the victim's condition.

3. **Criminal Law § 102.5— felonious assault—prosecutor's comment—no prejudice**

  In a prosecution for felonious assault and kidnapping, there was no prejudice in a comment by the prosecutor during defendant's testimony where defendant's objection was sustained and the jury was instructed to disregard the comment.

**4. Kidnapping § 1.2— evidence sufficient for jury**

There was no error in denying defendant's motion to dismiss the charge of kidnapping where the evidence tended to show that defendant arrived uninvited at the victim's house at 3:30 a.m., grabbed her arm and said he wanted to go around the corner to talk to her; that she saw he was holding a shotgun; and that he pulled her by the arm, shoved her into his car, put his shotgun in the back seat, drove to Onslow Wholesale, parked the car, loaded the gun, and shot the victim in the hip when she started running. G.S. 14-39(a).

**5. Criminal Law § 122.1— refusal of jury's request for clarification of testimony— no abuse of discretion**

In a prosecution for kidnapping and assault with a deadly weapon with intent to kill inflicting serious injury, there was no abuse of discretion in the trial court's refusal of the jury's request for clarification of the victim's testimony as to when she first saw the shotgun. The testimony was not crucial because there was ample additional evidence from which the jury could infer that the victim was intimidated by the gun throughout the ordeal. G.S. 15A-1233.

**6. Kidnapping § 1.3; Criminal Law § 113.2— specific intent as element of kidnapping—intoxication by drugs—no instruction—no error**

There was no error, and hence the plain error rule was not applied, in a prosecution for kidnapping and felonious assault where the court did not instruct the jury as to intoxication by drugs or specific intent as an element of kidnapping. No instructions on specific intent were required for the charge of kidnapping because kidnapping is not a specific intent crime, and there was no evidence that defendant was in any way impaired as a result of smoking marijuana. Rule 10(b)(2), North Carolina Rules of Appellate Procedure.

**7. Criminal Law § 138— presumptive sentence—mitigating and aggravating findings not required**

There was no error in the trial court's failure to consider mitigating factors where defendant did not object at the sentencing hearing, failed to tender any proposed findings to the trial judge, and received the presumptive term on each charge. G.S. 15A-1340.4(a).

APPEAL by defendant from *Bruce, Judge*. Judgment entered 17 November 1983 in Superior Court, ONSLOW County. Heard in the Court of Appeals 10 January 1985.

Defendant was indicted and tried for (i) assault with a deadly weapon with intent to kill inflicting serious injury and (ii) kidnapping. At trial the State offered evidence which tended to show the following. The victim, Dora Fields (Fields), had dated defendant for two and a half years. Approximately two weeks prior to 21 May 1983 she had told defendant she did not want to see him any more. She did not see him again until 3:30 a.m. 21 May 1983

when she went onto her porch barefooted to take out the garbage and saw him standing in the yard. Defendant said he wanted to talk to her. When she hesitated, he grabbed her arm and said, "[L]et's go around the corner." She saw that he had a shotgun, and she was scared. Defendant pulled her to his car, pushed her inside, and threw his shotgun on the back seat. Then defendant drove to Onslow Wholesale. Fields begged him to take her home, but he refused. He parked his car and told Fields to get out. Then he said, while he was loading his shotgun, "If I can't have you, nobody else can." When Fields started to run away, defendant shot her in the hip. She fell; defendant dragged her into a ditch and shot her in the back. Defendant got back into his car and drove away. Later, a police officer arrived and took Fields to Onslow Memorial Hospital.

Dr. Robert Wilfong testified that he initially saw Fields in the emergency room. She had gunshot wounds: one shot had been fired from about six feet; the second was fired at much closer range and had damaged Fields' spinal cord, leaving her permanently paralyzed from the waist down.

Defendant, testifying on his own behalf, said that he arrived at Fields' house at 2:00 a.m. on 21 May 1983, after drinking half a pint of liquor. He and Fields drove to Burger King to get something to eat, but discovered that they did not have any money, so they left. As they were driving back to Fields' house, defendant stopped at Onslow Wholesale. They both got out of the car. Defendant told Fields to open the trunk and give him his bottle of whiskey, and she did. He asked her for a cigarette, and she offered him a marijuana cigarette. He smoked three or four puffs. Then Fields asked defendant why he had a gun in the trunk. She held the barrel of the gun, he reached for it, and it went off. Defendant went home, and then went to the magistrate's house and told him that he thought somebody was shot. Defendant said that he did not understand how Fields was shot twice.

Several witnesses testified as to defendant's good character and reputation in the community.

The jury returned a verdict finding defendant guilty of first degree kidnapping and assault with a deadly weapon with intent to kill inflicting serious injury. He was sentenced to the presumptive term for both charges.

*Attorney General Edmisten by Assistant Attorney General Tiare B. Smiley for the State.*

*Popkin and Coxe, P.A. by L. Robert Coxe III and Jeffrey S. Fulk for defendant appellant.*

PARKER, Judge.

[1] In his first assignment of error defendant contends that the trial court erred in allowing into evidence Fields' statement that defendant was holding his shotgun and "putting the shells in it evidently" because the statement was an opinion or a conclusion. As a general rule, a witness may not give opinion evidence when the underlying facts are such that the witness can adequately describe the facts for the jury, and the witness is no better qualified than the jury to draw inferences and conclusions. *State v. Porter,* 303 N.C. 680, 281 S.E. 2d 377 (1981). Fields, however, was not giving an opinion; she was describing the facts for the jury. She subsequently testified that she saw two or three shells in defendant's hands, and she demonstrated how defendant was holding the shotgun and how he was putting the shells into the chamber. Fields' use of the word "evidently" was simply her manner of speaking. Her testimony was to the fact that he was putting the shells into the shotgun. This was neither an opinion nor a conclusion. Defendant's assignment of error is without merit.

[2] In his second assignment of error defendant alleges that he was denied a fair trial because of prosecutorial misconduct. First, defendant contends that the trial judge erred in not granting his motion to strike after the following question by the State: "Dora, would you at this time point out for the Jury the person who shot you two times in the back and did this awful thing to you?" Defendant objected and moved to strike. The objection was sustained and the State rephrased the question omitting the objectionable phrase. Defendant argues that his motion to strike should have been granted and a mistrial declared. We do not agree. A motion to strike is a remedy to be used when a witness' answer is objectionable. 1 Brandis on North Carolina Evidence § 27 (2d ed. 1982). *See State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983). Here, only the question itself was objectionable, no response was made, and there was no testimony to strike. While the question may have been improper, no prejudice resulted to

defendant, particularly in view of the medical evidence concerning Fields' condition.

[3] Next, defendant argues that the following comment made by the State was prejudicial.

Q: . . . Explain to the jury, Mr. Wilson, how in the world Exhibit No. 5 for the State got on the driveway of Onslow Wholesale.

A: I don't know.

Q: I didn't think you did.

Mr. Bailey: Objection. Motion to strike.

The Court: Sustained. Ladies and gentlemen, don't consider the editorial comments.

As defendant's objection was sustained, and the judge instructed the jury to disregard the comment, we do not find that defendant was prejudiced.

Defendant argues that he was prejudiced by two other allegedly improper questions made by the State, but as he did not object at trial his exceptions are not preserved for appellate review. Rule 10(b), Rules of Appellate Procedure.

[4] In his third assignment of error defendant contends that the trial court erred in failing to grant his motion to dismiss at the close of State's evidence and at the close of all evidence. When defendant elected to present evidence after the denial of his motion to dismiss at close of State's evidence, he waived his motion to dismiss at the close of State's evidence. *State v. Calloway*, 305 N.C. 747, 291 S.E. 2d 622 (1982); G.S. 15-173. We will, therefore, only consider his motion to dismiss at the close of all evidence.

Defendant contends that there was insufficient evidence to sustain a conviction for kidnapping because there was no evidence of confinement or restraint without consent. Upon defendant's motion to dismiss, all the evidence favorable to the State must be considered, deemed true, and considered in the light most favorable to the State, and the State is entitled to every inference of fact which may be reasonably deduced therefrom. *State v. Dover*, 308 N.C. 372, 302 S.E. 2d 232 (1983). The evidence is sufficient to withstand defendant's motion to dismiss if, when viewed

in the light most favorable to the State, there is substantial evidence of all essential elements of the offense. *State v. Brackett*, 306 N.C. 138, 291 S.E. 2d 660 (1982). The offense of kidnapping contains the following elements:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . . .
>
> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
>
> (3) Doing serious bodily harm to or terrorizing the person so confined, restraining [sic] or removed. . . .

G.S. 14-39(a). *See State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). The State need prove only one purpose to sustain its burden of proof as to that element of the crime. *State v. Sellars*, 52 N.C. App. 380, 278 S.E. 2d 907, *review denied*, 304 N.C. 200, 285 S.E. 2d 108 (1981). Defendant argues that there was insufficient evidence of restraint and lack of consent because Fields agreed to accompany him to his car before she saw his shotgun. We do not agree. As this court held in *State v. McRae*, 58 N.C. App. 225, 292 S.E. 2d 778 (1982), a jury can reasonably infer restraint from evidence that the victim remained in the car because she feared for her safety; the State does not have to prove use of actual physical force. *See also State v. Bruce*, 268 N.C. 174, 150 S.E. 2d 216 (1966). In the present case the evidence, viewed in the light most favorable to the State, tended to show that defendant, uninvited, arrived at Fields' house at 3:30 a.m.; he grabbed her arm and said he wanted to go around the corner to talk to her; she saw he was holding a shotgun; he pulled her by the arm, and shoved her into his car; he put his shotgun in the back seat, drove to Onslow Wholesale, parked the car, loaded the gun, and, when Fields started running, he shot her in the hip. We find that this evidence is sufficient to establish all the elements of kidnapping and defendant's motion to dismiss was properly denied.

**[5]**   In his next assignment of error, defendant contends that the trial court committed prejudicial error in refusing the jury's request to clarify Fields' testimony as to when she first saw the shotgun. Defendant failed to object to the judge's refusal; we shall, nevertheless, review this assignment of error. The decision to grant or refuse a request by the jury, after beginning its deliberations, for a restatement of the evidence, lies within the discretion of the trial court. *State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980); G.S. 15A-1233. We do not find that the trial judge abused his discretion. The testimony in question was, essentially, whether Fields said that she saw the gun before or after she went around the corner of the house with defendant. Whether she saw the gun before or after they turned the corner is not, as defendant contends, crucial, because there is ample additional evidence from which the jury could infer that Fields was intimidated by the gun throughout the ordeal. Defendant's assignment of error is without merit.

Defendant next assigns as error the trial court's permitting the prosecutor to withdraw his objection to a question propounded by defendant's counsel on direct examination after the trial judge had sustained the prosecutor's objection. This assignment of error is without merit.

**[6]**   In his next assignment of error, defendant contends that the trial court erred in failing to properly instruct the jury as to intoxication by drugs with respect to specific intent and as to specific intent as an element of kidnapping. Before the charge to the jury, counsel for the defendant requested the court to instruct with respect to specific intent on the charge of assault with a deadly weapon with intent to kill inflicting serious injury, and the defense of intoxication with respect to the intent to kill. Counsel for defendant neither requested an instruction on intoxication by drugs, nor an instruction on specific intent with respect to the kidnapping charge. At the conclusion of the jury instructions the trial judge asked both parties if they had any additional requests or any objections. Counsel for the defense had none. As defendant failed to object to the instructions, he is precluded by Rule 10(b)(2), Rules of Appellate Procedure, from assigning as error any portion of the jury charge. *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983). Defendant argues that if he is precluded by Rule 10(b)(2), we should nonetheless review his argument under

the plain error rule adopted by our Supreme Court in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). The plain error rule permits review of a very narrow range of errors notwithstanding defendant's failure to object to the jury instructions at trial, but the rule is only applied when, after reviewing the entire record, the reviewing court finds error which rises to the level of plain error. *State v. Moore*, 311 N.C. 442, 319 S.E. 2d 150 (1984). A review of the record in the instant case shows no error by the trial judge. Hence, we do not apply the plain error rule.

The trial judge properly instructed the jury as to specific intent on the assault with a deadly weapon with intent to kill inflicting serious injury charge. As kidnapping is not a specific intent crime, no instructions on specific intent were required for the charge. The trial judge also properly instructed the jury on voluntary intoxication as a defense to the element of intent. At trial defendant alleged that he was intoxicated as a result of drinking whiskey; he never alleged that he was in any way intoxicated or impaired from smoking marijuana, only that he had taken three or four puffs of a marijuana cigarette. To require an instruction on intoxication by the trial judge, there must be evidence that defendant was intoxicated to such an extent that he was utterly incapable of forming a specific intent to kill. *State v. Medley*, 295 N.C. 75, 243 S.E. 2d 374 (1978); Wharton's Criminal Law § 108 (14th ed. 1979). There was no evidence that defendant was in any way impaired as a result of smoking marijuana; therefore, the trial judge did not err in failing to charge the jury as to intoxication by drugs.

[7] In his last assignment of error defendant contends that the trial judge violated the Fair Sentencing Act. Defendant argues that the trial judge failed to consider two mitigating factors: (i) evidence of his good character and reputation and (ii) the absence of prior convictions. We note that defendant did not object at the sentencing hearing and he failed to tender any proposed findings to the trial judge. Moreover, defendant received the presumptive term on each charge, and the trial judge under G.S. 15A-1340.4(a) was not required to find aggravating and mitigating factors. *See State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983). This assignment of error is overruled.

Having carefully considered all defendant's assignments of error, we find

No error.

Chief Judge HEDRICK and Judge WHICHARD concur.