STATE OF NORTH CAROLINA v. JACK THEODORE MOOSE

No. 8419SC370

(Filed 5 March 1985)

**1. Criminal Law § 76.7 — voluntariness of confession — sufficiency of evidence and findings**
    The evidence and findings supported the trial court's determination that defendant's confession was made voluntarily after defendant had been warned of his constitutional rights and had signed a waiver of rights form.

**2. Robbery § 4.5 — aiding and abetting in armed robbery — sufficiency of evidence**
    The State's evidence was sufficient to support conviction of defendant for armed robbery as an aider and abettor where it tended to show that defendant and a companion entered a store, the companion pulled out a gun and held it in the owner's face, the owner gave them the money which was in the cash regis-

ter and his wallet, and defendant picked up the wallet and money and then left the store with his companion.

APPEAL by defendant from *Helms, Judge.* Judgment entered 15 November 1983 in Superior Court, ROWAN County. Heard in the Court of Appeals 10 January 1985.

Defendant was charged on an indictment, proper in form, with armed robbery. At trial the State presented evidence which tended to show that at 11:00 p.m. on 1 February 1983, defendant and another man, Jerry, entered Livengood Country Store. Luther Harkey, one of the owners of the store, testified that defendant took a soft drink, went to the checkout counter, and reached into his pocket. Jerry, standing nearby, turned around and pointed a loaded revolver in Harkey's face and told Harkey to open the cash register and empty its contents into a paper bag. The cash register contained approximately forty dollars. Defendant took the bag of money and Harkey's wallet, and the two men left the store.

After his arrest 3 February 1983 on a warrant for a probation violation, defendant, while in custody, signed a confession which was admitted into evidence. As to what happened in the store, defendant's confession varied from Harkey's testimony only in that defendant said Jerry took Harkey's wallet and carried the money from the store.

The jury returned a verdict of guilty of robbery with a firearm. From the verdict and judgment imposing a sentence of fourteen years in prison, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General Myron C. Banks for the State.*

*J. H. Rennick for the defendant appellant.*

PARKER, Judge.

[1]  In defendant's first assignment of error he contends that the trial court erred in admitting his confession and waiver of rights form into evidence. At trial defendant testified that he had confessed but that the statement read by Officer Sides of the Rowan County Sheriff's Department was false, and that before he signed he had not read his confession. Defendant's trial testimony dif-

fered from his confession in that he testified that after the robbery Jerry pointed the gun at him and told him to go to the car. When they reached the car, defendant gave Boogie, the driver, and Jerry the jacket he had borrowed and all the money in his pocket. On rebuttal Deputy Sheriff John Noble testified for the State that he was present when defendant made the statement read into evidence, that Officer Sides read the statement back to defendant, and then defendant read the statement himself.

The North Carolina rule for determining the admissibility of a confession is the totality of circumstances test of voluntariness, which includes all circumstances material to a determination of whether defendant made a knowing, intelligent and valid waiver of the right to counsel and the right to silence. *State v. Lang*, 309 N.C. 512, 308 S.E. 2d 317 (1983); *State v. Jackson*, 308 N.C. 549, 304 S.E. 2d 134 (1983). A finding by the trial judge that the accused freely and voluntarily made an inculpatory statement will not be disturbed on appeal when the finding is supported by competent evidence, even when there is conflicting evidence. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976).

At the voir dire hearing to determine the admissibility of defendant's confession, the State's evidence tended to show that on 4 February 1983 Officer Sides advised defendant of his constitutional rights; defendant said he understood his rights and signed the waiver of rights form; defendant was not promised anything, nor threatened, nor told that there were other charges against him; defendant was coherent and did not appear sleepy or confused; he neither requested an attorney, nor asked that the questioning be stopped. Defendant, on voir dire, testified that he was arrested for probation violation; he spent the night in jail; he was told that there was enough evidence to convict him of two armed robberies and possibly accessory to murder; and he was told his rights which he fully understood. He was nervous, and he confessed.

The judge made the following findings:

That the defendant was arrested on the night of February 3, 1983, on a probation violation from the State of Texas and taken to the Rowan County jail. The next morning he was questioned by Police Officer Glenn Sides at approximately 10:40 a.m. Prior to talking with the defendant on

February 4, 1983, Officer Sides advised the defendant of each of his constitutional rights regarding self-incrimination. That the defendant indicated that he understood his rights. He signed a waiver of his rights in the presence of Officer Sides.

Officer Sides talked with the defendant for approximately 30 minutes, and that the defendant was approximately 25 years of age on that date. That the defendant did not appear to be sleepy or confused to Officer Sides, and, on the contrary, appeared to be coherent. That he never at any time requested any attorney and that he never at any time asked to be permitted to stop answering questions.

That no promises or offers of reward of inducement were made by any law enforcement officers for the defendant to make a statement. There was no threat . . . [to] induce the defendant to make a statement by law enforcement officers.

That after being read his rights and signing a waiver of his rights, the defendant gave a statement to Officer Glenn Sides, which he signed . . . .

The trial judge concluded:

[T]hat none of the constitutional rights, either federal or state, of the defendant were violated by his questioning, detention, or confession . . . .

That the statement made by the defendant to Officer Sides on February 4, 1983, was freely, voluntarily, and understandingly [sic]. That the defendant was in full understanding of his constitutional rights to remain silent and right to counsel and all other rights, and that he freely, knowingly, intelligently, and voluntarily waived each of those rights and made the statement to the officers as above mentioned.

These findings, which are supported by the evidence, are binding on this Court. *State v. Harris, supra.* We hold that defendant's confession was voluntary and properly admitted into evidence.

Defendant's next assignment of error is that the trial judge erred in sustaining objections to three questions. As all three

questions were answered, in spite of the objections, defendant cannot show any prejudice and this assignment is overruled.

[2]   In his last assignment of error defendant contends that the trial judge erred in denying his motion to dismiss at the close of all the evidence. Upon defendant's motion to dismiss, all the evidence favorable to the State must be considered; such evidence must be deemed true and considered in the light most favorable to the State, and the State is entitled to every inference of fact which may be reasonably deduced therefrom. *State v. Dover*, 308 N.C. 372, 302 S.E. 2d 232 (1983).

Applying this test to the evidence, it is clear that there was ample evidence that defendant aided and abetted in the armed robbery. The elements of armed robbery under G.S. 14-87 are: (1) the unlawful taking or attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; and (3) whereby the life of a person is endangered or threatened. *State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760 (1982). The evidence viewed in the light most favorable to the State tended to show, in summary, that defendant entered the store with Jerry, Jerry pulled out his gun and held it in Harkey's face, Harkey gave them the money that was in the cash register and his wallet, defendant picked up the wallet and the bag of money, and defendant and Jerry left the store. Clearly this evidence satisfies the elements of armed robbery and is sufficient to withstand defendant's motion to dismiss.

We have carefully examined defendant's assignments of error and find

No error.

Judges ARNOLD and WELLS concur.