STATE OF NORTH CAROLINA v. ELLIOTT JACKSON

No. 8426SC841

(Filed 18 June 1985)

**Larceny § 7.7— larceny of automobile — sufficiency of evidence**

The State's evidence was sufficient to support inferences that the victim's car was taken by defendant without her consent and that defendant intended permanently to deprive the victim of the car so as to support defendant's conviction of felonious larceny where it tended to show that the victim did not give defendant permission to take her car or to repair it; she refused to give defendant the keys to the car and was surprised to find it gone; defendant told the victim he had taken the car to have it repaired; and the car was never returned to the victim or even located by the police. Furthermore, the evidence did not require the trial court to instruct the jury on the lesser-included offense of unauthorized use under G.S. 14-72.2.

APPEAL by defendant from *Kirby, Judge*. Judgment entered 5 April 1984, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 March 1985.

*Attorney General Thornburg by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Public Defender Isabel Scott Day by Assistant Public Defender Marc D. Towler for defendant appellant.*

COZORT, Judge.

The defendant was convicted of felonious larceny of a 1971 Ford Mustang and sentenced to five years' imprisonment. On appeal, the defendant contends that the trial court erred in denying his motion to dismiss the charge due to insufficient evidence. We hold that the motion was properly denied.

The evidence for the State tended to show that in September of 1983 Geneva Hill met the defendant while he and another man were painting a house in her neighborhood. Ms. Hill, who was in the process of painting her kitchen, approached the men and began asking them questions about painting. On their invitation, Ms. Hill decided to work with them awhile in order to learn more about painting. Several hours later when Ms. Hill's sister and children arrived, the men gave them a ride back to her house in their van.

When they stopped at the Hill home, the defendant noticed Ms. Hill's 1971 Ford Mustang in the driveway. He looked under the hood and, when he learned it was in need of repair, explained that he could fix it. The two men then looked at the painting job Ms. Hill had begun, then left.

After several weeks, the defendant began calling Ms. Hill and at some point mentioned that he could fix the Mustang for forty dollars. Ms. Hill indicated that such an amount was not in her budget. The defendant then insisted that he wanted to have it fixed for her because he cared about her. The defendant continued to call Ms. Hill and came over to her house one Saturday evening.

Shortly thereafter, the defendant called Ms. Hill one weekday morning and asked her to leave the keys to the Mustang in her mailbox. When she refused, the defendant stated that he would take the car anyway. Nevertheless, she did not leave the keys.

Ms. Hill did not have any further conversations with the defendant until after 13 October 1983. When she came home that

evening, the car was gone. The defendant called later that night to say that he had taken the car to have it fixed. When the defendant did not return the car on the following Saturday as he had promised, Ms. Hill, on the advice of her brother, called the police. The police suggested that Ms. Hill first look for the car at the place where the defendant had stated it was being fixed. Her brother went to that place, but could not locate the car.

Ms. Hill's car has never been returned to her. She testified that she did not give the defendant at any time her permission to take the Mustang.

The defendant's evidence consisted of his testimony alone. He testified that on the day he and his painting partner gave Ms. Hill a ride to her house, she asked him about repairing her car. She gave him her address and telephone number and told him to get in touch with her about fixing her car. When the defendant called the following Saturday, Ms. Hill asked him to find a frame for her car. On a subsequent telephone conversation, the defendant testified that Ms. Hill invited him over to her house. By this time the defendant had located a frame for her car for $175.00. When he went over to her house, she stated that she did not have any money and suggested to the defendant that he buy the frame and let her pay him for it later. The defendant declined. According to the defendant, when he left Ms. Hill's house that evening, the Mustang was parked in her yard.

The defendant stated that he never saw Ms. Hill again and denied taking or ever cranking the Mustang.

On rebuttal, the State offered the testimony of Ms. Hill's nine-year-old son who testified that on the day before the car was found missing, the defendant and another man came to their house, discovered that Ms. Hill was not at home, then proceeded to look under the car's hood and to start it with cables. Roosevelt Hill also testified that the defendant put water in the car and unsuccessfully tried to unlock the door with a hanger. Although the truck the defendant arrived in had a chain connected to the front of it, he left without attempting to tow the car away.

The defendant contends that the trial court erred in denying his motion to dismiss the charge on the basis of insufficient evidence. The scope of our review on a motion to dismiss is to deter-

mine whether there is substantial evidence of each element of the offense charged. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). The evidence is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference that might be drawn therefrom. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977).

The defendant was charged with felonious larceny under G.S. 14-72. To convict a defendant of larceny, the State must show that the defendant: "(1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." *State v. Reeves*, 62 N.C. App. 219, 223, 302 S.E. 2d 658, 660 (1983). To be convicted of felonious larceny, the value of the property taken must exceed $400. G.S. 14-72(a).

The defendant argues that the State did not present substantial evidence that the Mustang was taken without Ms. Hill's consent or that the defendant took it with the intent to permanently deprive Ms. Hill of its use. We disagree. We hold Ms. Hill's repeated testimony that she did not give the defendant permission to take her car or to fix it, coupled with the fact that she refused to give him the car keys and her surprise to find it gone on 13 October 1983, was substantial evidence on the element that the property was taken without her consent.

We similarly hold that there was substantial evidence presented by the State that the defendant took Ms. Hill's car with the intent to permanently deprive her of its use. Ms. Hill testified that when she refused to leave her keys for the defendant that he stated that "he was going to . . . take it anyway." Ms. Hill's son testified that on the day before the car was taken, the defendant, after discovering his mother was not at home, started the car through the use of cables and tried to get inside the car with a coat hanger. The defendant states in his brief that the "mere fact that the car was never returned does not eliminate the possibility that defendant intended to return the car when he took it." However, the fact that the car has not yet been returned or even located by the police is sufficient to raise an inference in favor of

the State that the defendant did in fact intend to keep the car permanently when he took it.

The defendant further argues in his brief that because there was insufficient evidence of an intent to permanently deprive, the trial court should have dismissed the felonious larceny charge and submitted the case to the jury only on the charge of "unauthorized use of a motor-propelled conveyance" under G.S. 14-72.2, which is a lesser included offense of larceny. *State v. Ross*, 46 N.C. App. 338, 264 S.E. 2d 742 (1980). *See also State v. Coward*, 54 N.C. App. 488, 283 S.E. 2d 536 (1981). The trial court is not required to instruct the jury on a lesser included offense to the original crime unless the offense arises on the evidence. *State v. Hall*, 305 N.C. 77, 286 S.E. 2d 552 (1982). Contrary to the defendant's argument, the State's evidence was positive as to each element of the crime of felonious larceny. There was no conflicting evidence with regard to whether the defendant intended to steal Ms. Hill's car. The jury could believe as the State contended that the defendant did intend to permanently deprive Ms. Hill of the use of her car at the time he took it or they could believe as the defendant contended that he did not take her car under any circumstances. Therefore, the trial judge was not required to instruct the jury on unauthorized use of a motor vehicle and properly refrained from doing so. *See State v. McRae*, 58 N.C. App. 225, 292 S.E. 2d 778 (1982).

We hold the trial judge properly denied the defendant's motion to dismiss.

No error.

Judges ARNOLD and PHILLIPS concur.