An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-105

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

   v.

CLIFFORD GLENN ALLEN

Henderson County
Nos. 12 CRS 53172-73
13 CRS 50

Appeal by defendant from judgment entered 7 August 2013 by Judge Tommy Davis in Henderson County Superior Court. Heard in the Court of Appeals 21 July 2014.

    *Attorney General Roy Cooper, by Assistant Attorney General Richard G. Sowerby, for the State.*

    *Leslie C. Rawls for defendant-appellant.*

    HUNTER, JR., Robert N., Judge.

Defendant Clifford Glenn Allen appeals after a jury found him guilty of felonious larceny, possession of a stolen motor vehicle, and having attained habitual felon status. Defendant contends the trial court erred by denying his request to instruct the jury on the lesser-included offense of unauthorized use of a motor vehicle. We find no error.

On 27 July 2012, two employees of Pro Build building supply company in Hendersonville saw defendant drive a flatbed truck out of the main gate of the business and off of the property. Neither employee recognized defendant as a Pro Build employee, so they called 911 to report the truck stolen and told the dispatcher the direction the truck was traveling. A short time later, a police officer encountered the truck on the highway. When the officer pulled his car in behind the truck, the truck exited the highway and stopped at a truck stop. The officer approached the truck and defendant, who was the driving the truck, claimed that he worked for Pro Build. The two Pro Build employees later identified the truck and confirmed that defendant was not an employee and had taken the truck without permission.

The trial court denied defendant's request for an instruction on unauthorized use of a motor vehicle as a lesser-included offense of felony larceny. The jury found defendant guilty of felony larceny, possession of a stolen motor vehicle, and having attained habitual felon status. Based on defendant's habitual felon status, the trial court sentenced him to 128 to 166 months imprisonment.[1] Defendant gave notice of appeal.

---

[1] The trial court arrested judgment on defendant's conviction for

Defendant's sole argument on appeal is that the trial court erred by denying his request for an instruction on the lesser-included offense of unauthorized use of a motor vehicle in the larceny case because there was evidence he intended to return the truck to Pro Build. We disagree.

"We review the trial court's denial of the request for an instruction on the lesser included offense de novo." *State v. Laurean*, ___ N.C. App. ___, ___, 724 S.E.2d 657, 660, *appeal dismissed*, *disc. review denied*, 366 N.C. 241, 731 S.E.2d 416 (2012). "[A] lesser included offense instruction is required if the evidence 'would permit a jury rationally to find [defendant] guilty of the lesser offense and acquit him of the greater.'" *State v. Millsaps*, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (citations omitted). "Where the State's evidence is clear and positive as to each element of the offense charged and there is no evidence showing the commission of a lesser included offense, it is not error for the judge to refuse to instruct on the lesser offense." *State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985) (citation omitted).

"To convict a defendant of larceny, it must be shown that he (1) took the property of another; (2) carried it away; (3)

---

felony larceny.

without the owner's consent, and (4) with the intent to deprive the owner of the property permanently." *State v. Reeves*, 62 N.C. App. 219, 223, 302 S.E.2d 658, 660 (1983) (citations omitted). Unauthorized use of a motor vehicle is a lesser-included offense of larceny. *State v. McRae*, 58 N.C. App. 225, 229, 292 S.E.2d 778, 780 (1982). The difference between the offenses is that unauthorized use of a motor vehicle does not require the defendant to have the intent to permanently deprive the owner of the motor vehicle. *See State v. Ross*, 46 N.C. App. 338, 340, 264 S.E.2d 742, 743 (1980).

Here, the State's evidence is clear and positive as to every element of larceny, and defendant was not entitled to an instruction on unauthorized use of a motor vehicle. Two witnesses testified that they saw defendant, who was not a Pro Build employee or otherwise entitled to drive the truck, drive it through a gate, off of the Pro Build property, and onto a highway. Defendant only ceased driving the truck after he encountered a police officer. When the officer investigated and questioned defendant, defendant lied and claimed to be a Pro Build employee. All of this evidence unequivocally supports the charge that defendant took the truck with the intent to permanently deprive Pro Build of it.

Defendant contends that the testimonial evidence that he was driving the truck in the general direction of Hendersonville showed that he intended to return the truck. Contrary to defendant's argument, however, this evidence does not support a rational inference that he intended to return the truck to Pro Build. Accordingly, we find no error in the trial court's decision to decline to instruct the jury on the lesser offense.

No error.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).